In Matter of Estate of James.

---

## IN THE MATTER OF THE ESTATE OF JAMES.

BY the amendment to the Homestead Act of 1860, it seems to have been the intention of the Legislature, that the homestead, upon the death of either husband or wife, should descend to and vest absolutely in the survivor.   But whether the act should receive this construction, or whether the homestead, upon the death of either husband or wife, descends to the survivor and the children, heirs of the deceased, and should be partitioned between them, are questions which the Probate Court has no jurisdiction to determine.   The District Court of the county where the homestead is situated, is the only proper tribunal to hear and determine these questions.

APPEAL from the Probate Court of Santa Clara County.

The respondents, Sarah E. D. James and George H. C. James,

In Matter of Estate of James.

were children of the intestate, by a former marriage, and were his only children. The homestead had been acquired after the marriage of the intestate with appellant, Mary M. James. The other facts appear in the opinion of the Court.

*W. W. Crane, Jr.*, for Appellant.

The declaration of homestead, created a joint tenancy between Jeremiah C. James and appellant, and consequently, when he died she became vested, as survivor, with the whole fee. (Stat. 1860, 311, Sec. 1.) But if, on the contrary, appellant did not take the whole by right of survivorship, under the amendatory Act of 1860, she certainly is entitled to one-half of all the property, by virtue of her community rights ; and one-third of the remainder, by virtue of the Statute of Descents and Distributions. It follows, that the Probate Court of Santa Clara County clearly committed error in awarding one-half of all the property to the petitioners, Geo. H. C. and Sarah E. D. James. (Wood's Dig. 423, Sec. 1 ; Id. 424, Sec. 10 ; *Knox* v. *Beard*, 5 Cal. 252 ; *Estate of Buchanan*, 8 Id. 507 ; *Scott* v. *Ward*, 13 Id. 468 ; *Payne* v. *Payne*, 18 Id. 291.)

*James & Lane*, for Respondents.

On the death of the intestate, the property, both real and personal, immediately descends to the heir, subject only to the lien of the administrator, for the payment of debts. (7 Cal. 215.)

Four months after the appointment of administrator, the heir has the right to apply to the Probate Court for a distribution of his interest in the estate. (Stat. 1861, 648, Sec. 85.) A partition is the necessary incident to the distribution, and is provided for by law. (Stat. 1861, 648, Sec. 89.) Unless there is some special statutory provision to prevent, it will not be denied but that the property in dispute, both real and personal, descends in equal proportions to the appellant.

It is claimed, on the part of the appellant, that by filing the declaration of homestead, the law of descent became entirely changed, and the right of inheritance by the children of the deceased became entirely obliterated ; and the title of the property became, and now is, absolutely vested in the appellant. The Law of 1860 was

not intended to, nor did it, in any manner, change the law of descent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

Jeremiah C. James, husband of the appellant, and father of the respondents, died intestate, February 2d, 1862.  Previous to, and at the time of his death, his children, the respondents, resided in the State of New York.  The premises in controversy were the common property of the intestate and his wife, and occupied by them as a homestead.  During the lifetime of the intestate, in April, 1860, his wife, the appellant, filed a declaration of homestead, in accordance with the statute then in force.  Soon after the death of the intestate, the appellant was appointed administratrix of the estate, and on the ninth of July, 1862, upon her application, the Probate Court set apart to her use, as the family of the intestate, the homestead and certain personal property.  Afterwards, the respondents filed their petition in the Probate Court, praying for a partition of the property thus set apart to the widow, they claiming the undivided one-half, or one-quarter to each, as the descendants and heirs of the intestate.  The application was opposed by the appellant; but the Probate Court granted the prayer of the respondents, from which decree she takes this appeal.

The property was set apart to the use of the family of the deceased, in accordance with the provisions of Sec. 34, of the Act of 1861, amending Sec. 121 of the Probate Practice Act, which reads as follows: " Upon the return of the inventory, or at any subsequent time, during the administration, the Court, or Probate Judge, may, of his own motion or on application, set apart for the use of the family of the deceased, all personal property which is by law exempt from execution, and the homestead, as designated by the general Homestead Law, or by Sec. 124 of this Act." (Stat. 1861, 636.)   Sec. 124 (Wood's Dig. 403), defines what personal property and homestead shall be thus set apart.  Sec. 125 provides to whom such property, thus set apart, shall belong.  But since the date of this law, the Legislature, in 1860, amended the Homestead Law, and among other things provided that " from and after the filing for

record of said declaration, the husband and wife shall be deemed to hold said homestead as joint tenants ; and all homesteads heretofore appropriated and acquired by husband and wife, shall be deemed to be held by such husband and wife in joint tenancy." (Stat. 1860, 311.) The distinguishing incident of a title by joint tenancy is, that the entire tenancy, or estate, upon the death of one of the joint tenants, goes to the survivor, and vests in him, absolutely. (4 Kent's Com. 398.) It would seem from this statute, that it was the intention of the Legislature that the homestead should vest in the surviving husband or wife, absolutely, and not descend to the heirs of either.

But the appellant contends, that the Probate Court has no jurisdiction of this proceeding, instituted by the respondents. It was held by this Court, *In the Matter of Tompkins' Estate* (12 Cal. 114), that the homestead does not constitute any part of the assets of the estate of the deceased husband or wife ; that upon the death of the head of the family it is made the duty of the Probate Court to set apart the homestead for the benefit of the family of the deceased ; and after this is done, the Court has no further control over it. It was further held, that what the rights of the surviving wife were, in and to the homestead, was a question to which the jurisdiction of the Probate Court did not extend. We think the Probate Court is not the proper tribunal to litigate questions, or afford the relief asked, in this case ; that a proper action should have been brought in the District Court, of the proper county, where the homestead is situated, which has full power and authority to hear and determine the questions involved, and to afford such relief (if any) as the parties may be entitled to.

The order and decree of the Probate Court is therefore reversed, and the petition of the respondents is dismissed.