[No. 11109.   Department Two. — November 29, 1886.]

JOHN C. TIPTON ET AL., RESPONDENTS, v. RICHARD MARTIN ET AL., APPELLANTS.

HOMESTEAD — ABANDONMENT — REMOVAL OF CLAIMANTS — ACT OF APRIL 28, 1860. — Under the act of April 28, 1860, a homestead selected by a husband and wife could not be abandoned by their removal from the homestead premises, whether with or without the intent of returning thereto. Under that act an abandonment could only be made by a declaration of abandonment, signed, acknowledged, and recorded by them in the same manner as a conveyance of real property.

APPEAL from a judgment of the Superior Court of Tehama County.

The facts are stated in the opinion of the court.

*John F. Ellison*, and *W. Henry Jones*, for Appellants.

*Chipman & Garter*, for Respondents.

McKEE, J.—It appears from the record in this case that defendant Martin, as the sheriff of Tehama County, had levied on a parcel of land as the property of the plaintiff John C. Tipton, by an execution issued upon a judgment against said Tipton in favor of V. P. Baker, one of the defendants herein, and being about to sell the land under said execution, the plaintiffs commenced the action in hand to enjoin the sale on the ground that the premises constituted their homestead, and were exempt from execution.

The defendants contend that the land, although selected by the plaintiffs as their homestead, was not exempt from execution, because the plaintiffs had relinquished their homestead right thereon by abandonment.

This contention was made upon the following facts alleged by the defendants in their answer to show abandonment:—

"That in the month of ——, 1878, the plaintiffs removed from said premises and from this state, and freely

and voluntarily moved into the territory of Montana, with the intention of remaining there and residing there permanently, and without any intention of returning again to this state or upon said premises, and have since said month of ——, 1878, continuously resided in said territory of Montana, and do now reside therein, and since they moved into said territory of Montana the said John C. Tipton has taken the initiatory steps to acquire title therein to United States land under and by virtue of the United States homestead laws, and the said application for said land under said United States homestead laws is still pending."

The plaintiffs demurred to the sufficiency of the facts as thus pleaded. The demurrer was sustained by the court. Defendants declined to amend their answer, and judgment final was entered against them, from which they have appealed; and the only question arising on the appeal is, whether the facts as set forth in the answer are sufficient in law to constitute an abandonment of the homestead.

Under the homestead law of 1851, a homestead right was founded upon occupancy of the homestead premises by the family. Such an occupancy constituted presumptive evidence of the appropriation of the premises as a homestead (*Cook* v. *McChristian*, 4 Cal. 26); and as it was founded upon occupation, cessation of the occupancy constituted an abandonment. Hence removal from the premises was considered as presumptive evidence of abandonment. (*Taylor* v. *Hargous*, 4 Cal. 268.) Under that law, therefore, abandonment was a question of act and intent ascertainable and determinable from evidence like any other fact in a proceeding. If removal was only for a temporary purpose, and there was no intent to remain away permanently, it would not constitute abandonment; but if the act of removal was coupled with an intent never to return, abandonment was considered as complete. (*Bennedict* v. *Bunnell*, 7

Cal. 245; *Moss* v. *Warner*, 10 Cal. 296; *Guiod* v. *Guiod*, 14 Cal. 506; *Harper* v. *Forbes*, 15 Cal. 202; S. C., 76 Am. Dec. 441.) Thereby the homestead right was destroyed, and the land upon which the right had existed became subject to execution creditors of the owner thereof.

That continued to be the law of the homestead and of its abandonment until the year 1860. In that year there was a statute passed on the 28th of April which changed the character of the homestead. Instead of being a right founded upon occupancy by the family, a homestead created under its provisions was declared to be an estate in joint tenancy, which, upon the death of either of the spouses, descended to and vested absolutely in the survivor, subject to the power of the Probate Court to set it apart for the benefit of the survivor and the legitimate children. (Stats. 1860, p. 311, secs. 1, 10; *McQuade* v. *Whaley*, 31 Cal. 526; *Estate of James*, 23 Cal. 415; *Barber* v. *Babel*, 36 Cal. 11; *Watson* v. *His Creditors*, 58 Cal. 556; *Herrold* v. *Reen*, 58 Cal. 443.) And as an estate in joint tenancy, it could not be transferred or abandoned except according to the provisions of the law under which it was created.

Now, the statute of 1860 provided that in the case of a homestead selected by a husband and wife under its provisions, the only evidence of abandonment should be a declaration of abandonment signed by the husband and wife, and acknowledged by them and recorded as a conveyance of real property. (Stats. 1860, p. 312, sec. 2.)

The homestead in question was selected on the 16th of January, 1862, upon common property of the claimants; and the selection protected the land as against subsequent creditors as much as if the claimants were vested with the fee-simple title. (*Brooks* v. *Hyde*, 37 Cal. 373.) It is well settled that title to real property cannot be abandoned; occupancy of the property is not, therefore, necessary to preserve the right. The right is not barred or destroyed except by an adverse holding for the statu-

tory time necessary to create the presumption of an adverse title.

As an estate in joint tenancy, with the right of survivorship, the homestead created under the act of 1860 could not be abandoned by the mere fact of a removal from the homestead premises, with or without the intent of not returning to them. "A homestead," says the code, which embodies the statutory provisions of the homestead laws of 1860 and 1862 upon the subject, "can be aboudoned *only* by a declaration of abandonment, or a grant thereof, executed and acknowledged by the husband and wife, if the claimants are married, or by the claimant if unmarried"; and the abandonment is effectual *only* from the time it is recorded. (Civ. Code, secs. 1243, 1244.) Abandonment of a homestead cannot be proved in any other way. As we have said, "the homestead having once been regularly created out of a parcel of land, in accordance with the statute, the estate so created continues to exist until put an end to in the mode pointed out by the statute. . . . . Under our law, we know of no abandonment of the homestead except in the statutory mode." (*Porter* v. *Chapman*, 65 Cal. 365.)

It follows that the court below properly sustained the demurrer, and there is no error in the judgment appealed from.

Let the judgment be affirmed.

So ordered.

Thornton, J., and Sharpstein, J., concurred.

Hearing in Bank denied.