[L. A. No. 1585.   Department One.—October 24, 1904.]

# WILLIAM GARDINER, Appellant, v. ADELINE CORD et al., Respondents.

PARTITION—TERMINATION OF TRUST—MORTGAGE LIEN.—The right of a tenant in common to maintain an action for partition is not affected by the lien of a mortgage upon his share which may be discharged at any time by payment of the debt secured; nor is it affected by a prior trust in the land created by all of the tenants in common, which, if valid, has terminated by the cessation of the estate of the trustee therein.

ID.—VALIDITY OF TERMINATED TRUST—RECONVEYANCE NOT ESSENTIAL.— It is immaterial to the maintenance of the action for partition whether the terminated trust was valid or invalid in its creation; since if valid it has terminated, and the rights of the owners of the land can be adjudicated in equity, or in the action for partition, without the necessity of an actual reconveyance thereof by the trustees.

ID.—MORTGAGE BY TRUSTEES—CONTRAVENTION OF TRUST—AGREEMENT BY COTENANTS FOR PROPORTIONATE LIABILITY.—Although a mortgage executed by the trustees as such in contravention of the terms of the trust was void in law, yet where it appears to have been executed by some of the cotenants to secure the debt which was satisfied by the new mortgage, an agreement for proportionate liability for the original debt as between the cotenants will be deemed to apply to the mortgage, and make it, as between themselves, a lien upon the share of each cotenant, to the extent of his proportion of liability for the debt secured.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Waldo M. York, Judge.

The facts are stated in the opinion.

Dunnigan & Dunnigan, for Appellant.

Camp & Lissner, for Adeline Cord, Respondent.

J. L. Murphey, for Mary B. Purcell, Respondent.

O. P. Widaman, Max Loewenthal, A. B. McCutchen, and Graves, O'Melveny & Shankland, for other Respondents.

HARRISON, C.—Action for the partition of a parcel of land in the city of Los Angeles known as the "Allen Block,"

at the corner of Spring and Temple streets. The superior court rendered judgment against the plaintiff, and he has appealed therefrom upon the judgment-roll without any bill of exceptions.

May 23, 1889, William Gardiner (the plaintiff herein), Adeline Jonson (now Adeline Cord), Annie Allen, James Allen (defendants herein), Benjamin Allen, and Catherine Allen were the owners in fee as tenants in common of the said real property, each being the owner of an undivided sixth thereof, and on that day entered into and executed an agreement with each other wherein, as a means of facilitating the accomplishment of the purpose of said agreement, the said William Gardiner, Annie Allen, Catherine Allen, and Benjamin Allen, as the parties of the first part thereto, conveyed the said property to James Allen and Adeline Jonson, as the parties of the second part thereto, in trust for certain purposes therein declared and hereinafter mentioned. After reciting in the agreement their respective ownership of the property, they recite that they are severally and individually indebted in certain amounts, aggregating about twenty-four thousand dollars (giving the amount of the indebtedness of each and the names of the respective creditors), and that said indebtedness is secured by mortgage and other liens upon the above property, and that they had agreed to consolidate the said indebtedness in a single loan, and were about to execute a joint and several mortgage of said property to secure the same, irrespective of their proportionate individual indebtedness, and that for the purpose of liquidating said mortgage indebtedness they had leased the said property for a term expiring January 1, 1892, and had agreed that the monthly rent therein provided, or a portion thereof, should be applied each month in payment of said mortgage indebtedness, and that "inasmuch as it would greatly facilitate the management and control of the said property and the transaction of business in connection with the same, to vest the same in trust," they had mutually agreed to appoint the parties of the second part thereto as trustees for the uses and purposes thereinafter declared. The agreement thereupon declares that for and in consideration of the premises the parties of the first part do grant the said real property unto the parties of the second part, to the survivor of them and their

successors, ''upon trust to enter into and upon the same and take possession thereof. . . . And the said real property shall be managed and controlled by the said trustees until the full payment of the said mortgage so executed as aforesaid, and they are at all times to keep the same free from any and all encumbrances other than the mortgage hereinbefore referred to; and to at all times keep the premises fully insured. Thirty days before the expiration of the term of said lease they are to advertise said premises to let in two daily papers for four weeks and to let the same to the highest and best bidder for a term not to exceed the term of this trust. At the expiration of this trust the said trustees shall reconvey the said premises to the said parties of the first part in the proportion of one sixth each, and during the continuance of said trust they are to render them monthly accounts of the moneys received and disbursed by them.''

In addition to this transfer of the real property the said parties of the first part authorized the parties of the second part to receive the moneys to be procured under the joint mortgage, whose execution had been agreed upon and to dispose of the same by paying the said specified indebtedness and liabilities of the several parties to the agreement. They also provided in said agreement for the liquidation of the said mortgage indebtedness by applying in payment thereon from time to time a portion of the rents that might accrue upon the aforesaid lease of the property; and for this purpose the parties of the first part assigned and set over the said lease to the parties of the second part, and directed that they should collect the rents reserved in said lease as they should fall due from time to time, and out of the money so collected should pay the quarterly installments of interest upon said mortgage; and after paying in each month a portion thereof to the several parties to the agreement, should apply the balance then remaining in their hands toward the payment of the principal of said mortgage debt. The agreement also provided that as between the parties thereto the amounts paid in discharge of their respective liabilities and indebtedness should be severally charged to their respective accounts, and, to the extent of the payments made for the benefit or account of each within the limits specified in the instrument, should constitute a lien upon his share or interest in the aforesaid

real property; and that the said accounts of the several parties should each be credited with an aliquot part of the rents paid in liquidation of the mortgage debt, until the credits so given to any of the several parties should have paid his proportionate liability for said mortgage debt, and that thereafter his share of the rents when collected should be paid directly to him.

By the same instrument the parties of the second part granted to the parties of the first part all their interest in the aforesaid real property as security for the faithful performance by them of the duties imposed upon them by virtue of said instrument, and agreed that after such performance they would reconvey to each of said first parties an equal undivided sixth of the fee of said premises.

Adeline Jonson, one of the parties to said agreement, subsequently married William S. Cord, and before the commencement of this action succeeded to the interest of Catherine Allen in said real estate. Subsequent to the execution of the agreement Griffin Johnston succeeded to the interest of Benjamin Allen in said real property, and died intestate in 1895, leaving as heirs at law his widow, the defendant Maud W. Johnston (who afterwards was appointed and qualified as the administratrix of his estate), and an infant daughter, the defendant Grace Margaret Johnston. In June, 1899, James Allen assumed to resign the duties and powers conferred upon him by virtue of said agreement, and since that date the defendant Adeline Cord has had possession and control of said real property.

Immediately upon the execution of the instrument the parties thereto executed their joint note to the German Savings and Loan Society for the sum of twenty-four thousand dollars, and a mortgage upon the aforesaid real property to secure its payment, and the said parties of the second part received the said twenty-four thousand dollars from the said mortgagee, and out of the same paid and discharged the indebtedness and obligations which they were authorized by the said agreement to pay, and entered into possession of said real property, and thereafter collected the rents thereof and made payments out of the same upon the said mortgage debt until May 17, 1898, at which time there remained due and unpaid thereon the sum of eight thousand dollars. At that

time also the proportionate shares of said mortgage indebtedness of Annie Allen and of Maud W. Johnston and Grace Margaret Johnston (who had succeeded to the interest of Benjamin Allen in said real property) had been fully paid, and as between the parties to the agreement of May, 1889, they were not indebted in any sum whatever to said mortgagee. On that day the plaintiff herein, together with Annie Allen, James Allen, Adeline Jonson, and Maud W. Johnston (defendants herein), and Catherine Stare (formerly Catherine Allen) borrowed from W. H. Purcell the sum of eight thousand dollars, and executed to him their promissory note therefor, and also a mortgage upon the aforesaid real property, as security for its payment. The said James Allen and Adeline Jonson also joined in the execution of the said mortgage ''as trustees.'' The court finds that the mortgage was made under an agreement between them for the purpose of paying off the aforesaid mortgage debt and more effectually carrying out the provisions of the agreement of May 23, 1889. The moneys received upon the said note and mortgage were obtained for and were paid to the German Savings and Loan Society, the mortgagee in the former mortgage, on said seventeenth day of May, 1898, and the said mortgage debt was on said date fully released and satisfied of record. This mortgage to Purcell is still unsatisfied and outstanding. Prior to its execution the plaintiff herein executed to the defendant Annie Allen an instrument of indemnity by which he agreed to hold her harmless from any liability by virtue thereof, and agreed that as between them, in case of any foreclosure, his interest in the property should be applied in satisfaction of the mortgage prior to any sale of her interest therein. Other mortgages upon certain of the individual interests in said real property have since said date been executed by the owners thereof, and are still unsatisfied and outstanding.

In February, 1899, in an action brought by the plaintiff herein for that purpose, the superior court rendered a judgment settling the accounts of the defendants Adeline Cord and James Allen for their receipts and disbursements as trustees under the aforesaid agreement of May, 1889, from the time of its execution until September 1, 1898, and in December, 1900, in another action between said trustees, a judgment was rendered settling their accounts as between themselves.

By the judgment of February, 1899, it was determined that of the mortgage indebtedness existing against said real property on September 1, 1898, there was due from the plaintiff herein the sum of $5,920.08, and from the defendant Adeline Cord $1,394.50, and from James Allen $933.61; and by the judgment of December, 1900, it was determined that as between the said Adeline Cord and James Allen the amount due by the latter on account of the mortgage of May, 1898, was on the 21st of October, 1899, the sum of $274.70. The defendant Adeline Cord has in her hands of said James Allen's share of the revenues of said property enough to pay his portion of said mortgage indebtedness, and also of her own share of said revenues enough to pay her portion of said indebtedness as determined by the aforesaid judgment. The plaintiff herein has not paid or offered to pay his share of the said mortgage indebtedness, and after applying thereon all moneys in the hands of said Adeline Cord applicable thereto, his share of said indebtedness exceeds forty-six hundred dollars.

The superior court held that the agreement of May, 1889, is a valid subsisting agreement, and that, inasmuch as the indebtedness for whose payment it was entered into has not been fully paid, and as the trustees therein named have not in their hands sufficient moneys with which to pay the same, the agreement has not been fully performed, and that for this reason the plaintiff is not entitled to have a partition of the property or a sale thereof for the purpose of a division of the interests of the several cotenants therein; that before he can have such relief he must first discharge his portion of the mortgage indebtedness thereon for which the said agreement was entered into.

It is not necessary for the disposition of the present appeal to determine whether a valid trust in the aforesaid real property was created by the instrument of May 23, 1889, as was held by the superior court, or whether, as contended on behalf of the appellant, the provisions therefor in the instrument were in contravention of provisions of the Civil Code, and therefore ineffective to create a trust in said property, as, in our opinion, the rights of the parties which are involved in this action do not depend upon the validity of such trust. By the terms of the instrument, the trust in reference to the real property was to continue only during the life of the mortgage

to the German Savings and Loan Society therein provided
for, and therefore terminated with its satisfaction and the
payment and extinguishment of the indebtedness secured
thereby. The power given to the trustees to manage and con-
trol the property was to continue only "until the full payment
of the said mortgage debt," and their authority to lease the
property upon the expiration of the term then outstanding
was only "for a term not to exceed the term of this trust."
The mortgage debt to the German Savings and Loan Society
was fully paid and the mortgage itself satisfied May 17, 1898,
and at that date the purpose of the said trust ceased and the
trust itself thereby terminated. For the purpose of the present
action it is therefore immaterial whether the said trust, as is
contended by the appellant, is to be regarded as having been
invalid from the beginning, by reason of an attempted suspen-
sion of the power of alienation, or whether the provision there-
in for a reconveyance upon its termination to the creators of
the trust is within the principles declared in *Sacramento Bank*
v. *Alcorn,* 121 Cal. 379, or is to receive the same construction
as would a direction to convey the property to a beneficiary
(*Estate of Fair,* 132 Cal. 523[1]), or whether it be held that by
the termination of the trust the estate of the trustees has
ceased. (Civ. Code, sec. 871.) If the trust was invalid from
the beginning, the title and estate of the owners of the land
was not affected thereby; and if it was valid, it has termi-
nated and the estate of the trustees has ceased, and the rights
of the owners of the land can be adjudicated in a court of
equity or in a proceeding like the present one without the
necessity of an actual reconveyance thereof from the trustees.
The finding of the court that the moneys received upon the
mortgage of May 17, 1898, were obtained for the purpose of
paying off the mortgage indebtedness to the German Savings
and Loan Society and that said mortgage was made "pursu-
ant to the agreement of May 23, 1889," and for the purpose
of a more effectual carrying out of the provisions of said
agreement, is not to be construed as a finding that the mort-
gage to Purcell was impressed with any of the trusts declared
in the instrument of 1889, and that by uniting in the execu-
tion of the mortgage the trustees were acting under the said
trust, or that their act was attended with any validity. The

---

[1] 84 Am. St. Rep. 70.

instrument of 1889 declared that the trustees therein named should "at all times keep the premises free from any and all encumbrances other than the mortgage hereinbefore referred to"—the mortgage to the German Savings and Loan Society. The execution of the mortgage to Purcell in 1898 by them "as trustees" was in contravention of the terms of this trust, and therefore void. (Civ. Code, sec. 870.) The finding that the mortgage was made pursuant to the agreement of May, 1889, receives full effect by construing it in connection with the provision in the agreement by which the amount of the indebtedness of each of the parties to the instrument was to constitute a lien upon his share of the real property and be secured by the mortgage to that extent. The mortgage to Purcell is to be regarded, as between the mortgagors therein, merely as creating a lien upon land to the extent of their respective liability for the debt secured thereby. By the instrument of 1889, they had agreed, as between themselves, that the portion of the twenty-four thousand dollars received upon the mortgage then contemplated, which should be paid in satisfaction of their respective liabilities, should to that extent be a lien upon their respective interests in the land, and at the time of the execution of the mortgage to Purcell this lien had been extinguished as to some of the cotenants, and by the judgments thereafter rendered in the superior court the amount of the indebtedness of the plaintiff, for which his interest in the real estate was secured by the mortgage to Purcell, was ascertained and determined.

The right of the plaintiff to the relief sought by him is therefore not affected by the provision in the agreement of May, 1889, but is to be determined upon the consideration of other principles. Section 752 of the Code of Civil Procedure gives to any one or more of several cotenants of real property a right of action for its partition according to the respective rights of the persons interested therein, and for a sale of said property if partition cannot be had; and in the succeeding sections provision is made for ascertaining the respective rights of the parties to the action and for the satisfaction or other disposition of any liens thereon; and although a party may by some act or agreement on his part estop himself from enforcing his right to a partition, the mere fact that his interest in the land is subject to a lien or encumbrance will

not of itself operate as such estoppel. The fact that the interest of the plaintiff in the land in question is subject to a lien for certain indebtedness which can be at any time discharged by the payment of said debt, and for whose payment the court is authorized to provide in its judgment of partition or sale, does not deprive him of the right to maintain the action.

The superior court, therefore, erred in holding that the plaintiff is not entitled to maintain the present action. It should have determined the respective interests of the owners of the land and the amount of the liens and encumbrances upon the same, or upon the interest of any of them, and if, as between the said owners, any portion of said encumbrances ought, under the rules of equity or by virtue of any contract, to be borne by one or more of the owners, it should make proper provision for satisfying the same out of the share or shares against which it is chargeable.

The judgment ought therefore to be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons stated in the foregoing opinion the judgment is reversed.      Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.