[Civ. No. 595. Fourth Appellate District.—December 10, 1931.]

AUGUST ANDERSON, Respondent, v. ROBERT BROAD-WELL et al., Appellants.

L. G. Shelton for Appellants.

J. E. Ricketts and Walter C. Maloy for Respondent.

BARNARD, P. J.—This action was tried with *Anderson* v. *Broadwell*, (No. 594) *ante*, p. 130 [6 Pac. (2d) 260], and *Broadwell* v. *Anderson*, (No. 596) *ante*, p. 145 [6 Pac. (2d) 269], this day decided, and relates to what was called by the parties the "El Monte property". In his complaint the plaintiff seeks to have his title quieted to an undivided one-half interest in the property, alleging title in himself in a first cause of action, and, in a second cause of action, that he paid one-half of the purchase price of the property upon the understanding and agreement that he was to have an undivided one-half interest therein. In their answer the defendants admit that the plaintiff has a

one-third interest in the property, and allege that Robert Broadwell and Helen Lea Broadwell have each a one-third interest.

The following facts appear: In July, 1923, the plaintiff and W. B. Broadwell had more than $6,700 in a bank account in Hemet in the name of Anderson & Broadwell, the money having come from royalties from an oil lease on property they owned in Long Beach, and belonging equally to the two. About this time the two looked at the real property involved in this action and decided to buy it. The plaintiff left the matter of the purchase of the property to W. B. Broadwell and he in turn left the escrowing of the matter largely to his son Robert Broadwell. In the escrow papers, instructions were put in that the property was to be deeded to W. B. Broadwell, Robert Broadwell and the plaintiff. On July 9, 1923, the plaintiff received from W. B. Broadwell a letter reading in part as follows:

"I bought the 5 acres at 6700. It is the corner piece and has about a $200 crop on it—It will divide into 5 lots now and sell for $2500 a lot. The Shell Co. tried to lease it several years ago without a drill clause. The party selling knew of oil talk. They had held it a long time and wanted to get out. We pay cash as we got 100 off. So get Dfts for 6700 and send me—*Title to A A and myself. I have let Robert in on my half.* If oil is discovered we can turn it in 10 days if we want to at 8900." (Italics ours.)

On the next day the plaintiff drew $6,700 from the Anderson & Broadwell account and sent it to W. B. Broadwell, and the evidence shows that $6,700 constitute the entire purchase price of the property. The property was deeded to W. B. Broadwell, Robert Broadwell and the plaintiff, with nothing contained in the deed to show the respective interest of each of the grantees. Robert Broadwell testified that his interest in the property was a gift from his father; that he had paid nothing on the purchase price; that he had never paid any part of the taxes, nor received any part of the rents; and that his father told him on September 2, 1924, that he had given a one-half interest in this property to Anderson. When the plaintiff later learned that Robert was named in the deed he protested to W. B. Broadwell and was told by him: "It doesn't make any difference; I'll settle with Robert. You get your half

interest. I'll settle with Robert." Later, in an agreement dated September 2, 1924, and subsequently recorded, which agreement is set forth in full in the opinion in the first of these three cases, W. B. Broadwell subscribed to the following:

"First, that a certain 4½ or five acres of land at Arcadia and on record in the name of R. A. Broadwell, A. Anderson and W. B. Broadwell, in Los Angeles County, first, that the interest of A. Anderson is a one-half interest."

The court found in accordance with the foregoing facts and decreed that the plaintiff is the owner of an undivided one-half interest in the property, from which judgment this appeal is taken.

The appellants maintain that the deed is conclusive evidence that each of the grantees named therein took a one-third interest. ▮ It may be conceded that where several grantees are named in a deed and their respective interests are not set forth therein it will be presumed that each takes an equal interest (7 R. C. L. 818; 18 Cor. Jur. 329, and cases therein cited). Not having been made conclusive by our codes, this presumption may be overcome by evidence to the contrary. When so overcome, in the absence of other controlling facts, the respective interests must be determined by the relative proportion of the purchase price paid by each (*Huffman* v. *Mulkey*, 78 Tex. 556 [22 Am. St. Rep. 71, 14 S. W. 1029]). ▮ In the case before us, not only does the evidence show that half of the purchase price was paid by the respondent but his testimony that he was to receive a one-half interest in the property is most solemnly and conclusively corroborated by W. B. Broadwell's letter to him telling him to send the money with which the land was bought, and by his subsequent agreement, which was acknowledged and recorded, in which it is set forth that the respondent has a one-half interest in the property. Without regard to any interest that Robert Broadwell had in the property it fully appears that W. B. Broadwell had at the time an interest sufficient to cover the difference between respondent's presumptive interest under the deed and the interest it was agreed he was to receive. ▮ Not only was constructive notice of respondent's claims and rights given by the recording of the contract of September 2, 1924, but under the circumstances

shown by the record, no claim of being an innocent purchaser for value can be successfully maintained by the appellants Helen Lea Broadwell and Sofie A. Broadwell.

Irrespective of the legal situation, the respondent's equitable right to a one-half interest in the property was sufficiently shown to sustain the judgment. One-half of the consideration having been paid by the respondent and the title, in so far as a one-sixth interest in the property is concerned, having been taken in the name of another, a trust is presumed to have resulted in favor of the respondent (Civ. Code, sec. 853; *Campbell* v. *Freeman*, 99 Cal. 546 [34 Pac. 113]). In addition to this presumption the evidence, oral and written, abundantly established such a trust. The respondent had the right to demand a conveyance of the other one-sixth interest at any time (*Campbell* v. *Freeman, supra*). W. B. Broadwell took title to that one-sixth interest with the implied promise to convey it to the respondent and the statute of limitations would not apply until the obligation was repudiated (*Arnold* v. *Loomis*, 170 Cal. 95 [148 Pac. 518]). The appellant Sofie A. Broadwell has disclaimed all interest in the property and the appellant Helen Lea Broadwell although claiming under W. B. Broadwell has not shown that she is a purchaser for value and she is shown to have had both constructive and actual notice of the agreement of September 2, 1924.

Not only is the judgment sustained by the evidence and the findings, but it would seem from the facts recited that a contrary conclusion would have been a serious reflection upon a court of equity.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.