. [L. A. No. 21990. In Bank. May 20, 1952.]

JOHN L. LAZZAREVICH, Appellant, v. CATHERINE E. LAZZAREVICH et al., Respondents.

Eugene L. Wolver for Appellant.

Henshey & Beeman and Howard B. Henshey for Respondents.

GIBSON, C. J.—John Lazzarevich brought this action against Catherine Lazzarevich, his former wife, to set aside an assignment of a joint tenancy interest in real property. In a second count, as an alternative, he sought to have the property partitioned. Judgment was given against him on both counts, and he has appealed.

John was given an interlocutory decree of divorce from Catherine in 1932, and in 1933 his attorney obtained entry of a final decree. The parties became reconciled in 1935, and they cohabited without remarriage until 1945. In 1938, while the parties were living together, John entered into a contract with the Veterans Welfare Board to purchase the real property here involved, and in 1941 he assigned the contract to himself and Catherine as joint tenants. In August of 1945 Catherine discovered that a final decree of divorce had been entered in 1933. She notified John of that fact and then brought an action to recover the value of services rendered and advances made during the putative marriage. The trial court gave her judgment for $2,350 which, on appeal in 1948, was increased to $10,277.50. (*Lazzarevich* v. *Lazzarevich,* 88 Cal.App.2d 708 [200 P.2d 49].) A few months later, in 1949, John commenced the present action.

John's first cause of action is based on his claim that he made the assignment under the mistaken belief that the parties were legally married and that he would not have made it if he had known that they were not lawfully married.

He complains that the trial court erred in determining that his first cause of action was barred by section 338, subdivision 4, of the Code of Civil Procedure, which provides that an action for relief on the ground of mistake shall be brought within three years after discovery, by the aggrieved party, of the facts constituting the mistake. The trial court in effect found and concluded that John had knowledge of the entry of the final decree in 1933, that he knew that he was not lawfully married to Catherine when they became reconciled in 1935, and that Catherine learned in 1945 that the decree had been entered in 1933 and immediately notified John of that fact. These findings are sufficiently supported by the evidence. ██ Ordinarily a person is held to know what his attorney knows and should communicate to him, and John is chargeable with the knowledge of his attorney who procured entry of the final decree. (See Civ. Code, § 2332; *Rauer* v. *Hertweck,* 175 Cal. 278, 281 [165 P. 946].) ██ In addition, there was testimony that Catherine informed John in 1945 that the decree had been previously entered, and that John stated that he knew, prior to the reconciliation in 1935, that they were not married. Also, John testified that he knew in August, 1945, that the final decree had been previously entered. Accordingly, it was proper to deny recovery on the first cause of action.

As to the second cause of action, the trial court concluded that John should be barred from obtaining partition of the property because he had not paid the money judgment which Catherine held against him. This conclusion is erroneous. ██ It is well settled that in the absence of a waiver a joint tenant is entitled as a matter of right to have his interest severed from that of his cotenant. (*Bacon* v. *Wahrhaftig,* 97 Cal.App.2d 599, 603 [218 P.2d 144]; *Rowland* v. *Clark,* 91 Cal.App.2d 880, 882 [206 P.2d 59]; *Miranda* v. *Miranda,* 81 Cal.App.2d 61, 65 [183 P.2d 61]; *De Roulet* v. *Mitchel,* 70 Cal.App.2d 120, 123-124 [160 P.2d 574]; *Priddel* v. *Shankie,* 69 Cal.App.2d 319, 324-325 [159 P.2d 438]; see, also, 132 A.L.R. 666; Freeman on Cotenancy and Partition, [2d ed.] § 442; 4 Thompson on Real Property, [Perm. ed.] §§ 1981, 1982; Tiffany on Real Property, [3d ed.] § 474.) Catherine relies on *Ventre* v. *Tiscornia,* 23 Cal.App. 598, 604-605 [138 P. 954], in support of her contention that her unsatisfied money judgment against John can be used as a bar to partition, but that case cannot aid her here. It merely holds that a partition proceeding is equitable in nature, and that where

one cotenant has, in good faith, expended money in making permanent improvements necessary to the preservation of the common property, partition should not be decreed without making a suitable allowance for such expenditures. The case does not hold that the fact that the expenditures were made constituted a bar to the action.

 It is not clear whether Catherine's judgment is a lien on John's interest in the property, but in any event the existence of the unpaid judgment cannot prevent partition. (See *Struzinski* v. *Struzinsky* (1947), 133 Conn. 424 [52 A.2d 2, 5].) If the judgment is not a lien on John's interest, it is no different from any other extraneous claim. On the other hand, if it is a lien, Catherine's interest may be protected in settling and determining the rights of the parties in the property. (See Code Civ. Proc., §§ 759, 769, 771-774.)

The judgment is affirmed as to the first cause of action and reversed as to the second cause of action.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Schauer, J.—I would reverse as to both causes of action.