[Civ. No. 20489.   Second Dist., Div. One.   Mar. 15, 1955.]

LILLIAN E. KAUPE, Appellant, v. HERMAN E. KAUPE, Respondent.

512

Richard C. Fildew for Appellant.

E. O. Berry for Respondent.

WHITE, P. J.—Plaintiff wife appeals from a judgment for defendant husband in an action to partition real property.

The property is a dwelling and garage upon one lot in Los Angeles. It cannot be partitioned in kind. It was acquired by plaintiff and defendant about a year after their marriage, by deed to them as joint tenants dated May 19, 1942. On June 29, 1942, plaintiff signed, verified and caused to be recorded her declaration of homestead on said property for the benefit of herself and her husband.

Plaintiff and defendant lived together on the premises from 1942 until July 1951, when plaintiff left and commenced an action for divorce. Defendant cross-complained for divorce. The superior court granted a divorce to neither. Plaintiff executed and recorded an "Abandonment of Homestead" on September 2, 1953. It was not signed by the defendant. The

court in the instant action found that each of the parties "is the owner in fee of an undivided one-half interest in the property," and from its findings, it concluded that "said joint tenancy real property . . . is subject to a valid homestead for the benefit of the defendant husband . . ."; and for that reason it "is not subject to partition by the plaintiff wife while plaintiff and defendant are husband and wife."

Appellant contends thait the court erred in concluding that the property was not subject to partition because of the homestead which she had filed thereon. Respondent states that "plaintiff wife . . . may not destroy the homestead rights vested in the defendant husband by forcing a sale of said real property by action of partition," and relies upon the decision in *Walton* v. *Walton*, 59 Cal.App.2d 26 [138 P.2d 54].

■ "A joint tenancy is one estate and in it the rights of the spouses are identical and coextensive." (*Siberell* v. *Siberell*, 214 Cal. 767, 773 [7 P.2d 1003] ; *Tomaier* v. *Tomaier*, 50 Cal.App.2d 516, 519 [123 P.2d 548].)

■ "It is well settled that in the absence of a waiver a joint tenant is entitled as a matter of right to have his interest severed from that of his cotenant." (*Lazzarevich* v. *Lazzarevich*, 39 Cal.2d 48, 50 [244 P.2d 1].)

Appellant's undivided one-half interest, owned in joint tenancy with her husband, was her separate property. It was selected as part of the homestead "by her making . . . the declaration of homestead," as required by section 1239 of the Civil Code.

■ The recording of the purported abandonment signed by wife alone did not affect the homestead character of the property. ■ The fact that the homestead is no longer occupied by plaintiff wife and that the husband alone has occupied it since July 4, 1951, does not terminate the homestead. "A homestead can be abandoned *only* by a declaration of abandonment, or a grant thereof . . . executed and acknowledged . . . by the husband and wife, jointly or by separate instruments, if the claimant is married. . . ." (Emphasis added. Civ. Code, § 1243.)

Where the whole family had removed from the California homestead to Montana "with the intention of remaining there and residing there permanently," it was held that "the homestead having once been regularly created out of a parcel of land, in accordance with the statute, the estate so created continues to exist until put an end to in the mode pointed out

by the statute. . . . Under our law, we know of no abandonment of the homestead except in the statutory mode." (*Tipton* v. *Martin,* 71 Cal. 325, 328 [12 P. 244].)

"The homestead is exempt from execution or *forced sale,* except . . . in satisfaction of judgments obtained . . . (1) before the declaration of homestead . . . (2) on debts secured by mechanics . . . (3) on debts secured by encumbrances on the premises executed and acknowledged by husband and wife . . . and (4) on debts secured by encumbrances . . . recorded before the declaration of homestead was filed for record." (Emphasis added. Civ. Code, §§ 1240, 1241.)

The instant action in partition is one to enforce a sale of the premises and a division of the proceeds. It is an attempt to bring about a "forced sale," in the same sense as would be a mortgage foreclosure, a trustee's sale, or a sale under execution.

By placing on record her declaration of homestead, plaintiff wife not only exempted the homestead premises from liability to forced sale to satisfy the debts of the owners, but she also thereby exempted the property from forced sale in an action for partition. By homesteading said real property, plaintiff wife waived her right as a joint tenant to have her interest severed from that of her cotenant.

See *Walton* v. *Walton,* 59 Cal.App.2d 26 [138 P.2d 54], where judgment against a plaintiff husband in favor of a defendant wife, in an action for partition under like circumstances, was affirmed.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.