[Civ. No. 19999.   First Dist., Div. One.   May 1, 1962.]

GRACE NAZZISI, Plaintiff and Appellant, v. SEBASTIAN NAZZISI, Defendant and Respondent.

Mezzetti & McDiarmid, Robert L. Mezzetti and Robert P. Aguilar for Plaintiff and Appellant.

Foley & Foley and William J. Foley for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from an adverse judgment in favor of defendant.

## QUESTION PRESENTED

Did plaintiff by the property settlement agreement waive her right as a tenant in common to partition?

## RECORD

Plaintiff sued to partition certain real property owned by the parties as tenants in common. She also asked for an accounting for rents and a division thereof. The facts were stipulated. The court found that the property could not be partitioned except by sale; that plaintiff in the property settlement agreement had waived her right to partition; and additionally, that in view of the agreement, it would be inequitable to allow partition. The facts stipulated follow:

October 7, 1958, plaintiff obtained an interlocutory decree of divorce from defendant. Incident to the divorce action and on September 24, 1958, the parties entered into a property settlement agreement. This agreement was incorporated into the decree, approved by the court, and the parties ordered to comply with it. The agreement after dividing community assets provided as to a certain residence and lot standing in the names of the husband and wife as joint tenants: ''6. The parties hereby agree that the said property shall henceforth be held as tenants in common, *and that husband shall have the right to reside on the said property during his lifetime and he shall be responsible for all main-*

*tenance and repairs upon the said property during his life-time.''* (Emphasis added.) A conveyance in tenancy in common was executed.

Defendant remarried in December, 1959, and is living with his present wife on the premises. He is approximately 70 years old. Plaintiff is 52 years old. No further evidence was offered.

### WAIVER

█ The generally accepted rule is that a cotenant may require a partition of the cotenancy as a matter of absolute right. (2 Witkin, Summary of Calif. Law, p. 970; *De Roulet* v. *Mitchel* (1945) 70 Cal.App.2d 120, 124 [160 P.2d 574]; *Lazzarevich* v. *Lazzarevich* (1952) 39 Cal.2d 48, 50 [244 P.2d 1]; *Kaupe* v. *Kaupe* (1955) 131 Cal.App.2d 511, 513 [280 P.2d 856].)

█ However, despite the characterization of the right by the courts as absolute, the right may be waived by contract or agreement. (*Asels* v. *Asels* (1919) 43 Cal.App. 574, 578 [185 P. 419]; *Miranda* v. *Miranda* (1947) 81 Cal.App.2d 61, 65, 68 [183 P.2d 61]; *Rowland* v. *Clark* (1949) 91 Cal.App.2d 880, 882 [206 P.2d 59].) In the following cases the courts have recognized that a party's right may be waived although in the particular case it was held that no waiver existed: *Kaupe* v. *Kaupe, supra,* 131 Cal.App.2d 511, 513; *Teutenberg* v. *Schiller* (1955) 138 Cal.App.2d 18, 22 [291 P.2d 53]; *Lazzarevich* v. *Lazzarevich, supra,* 39 Cal.2d 48.

█ Both parties agree that the interest defendant received over and above his cotenancy interest did not amount to a life estate. Supporting this theory is the fact that the parties felt constrained to specifically include in the agreement the duty of defendant to make repairs and maintain the premises, a duty that is required by implication of a life tenant. █ Again, in the creation of a life estate there is usually a remainder over. Here there was none.

Plaintiff contends that the proper interpretation of paragraph 6 is that the right to reside on the property was granted defendant only so long as the property remained in common, in other words, that the right of the husband to reside on the property was intended merely to allow defendant to use the property until partition, thus avoiding any danger of the wife attempting to exclude the husband without a partition. However, this is a strained, rather ingenious, but unnatural, construction.

In *Anderson* v. *Broadwell* (1931) 119 Cal.App. 150, 153 [6 P.2d 267], it was held that the presumption that where several grantees are named in a deed and their respective interests are not set forth therein, each takes an equal interest, may be overcome by evidence to the contrary. Taking the agreement as a whole it clearly appears that while each party was to have an undivided one-half interest in the fee, the husband was to have an additional contractual right to reside on the premises for life. It is of some significance that not only does paragraph 6 give the husband the right to reside on the property during his lifetime, but provides that he shall be responsible for all maintenance and repairs during his lifetime. If, as plaintiff contends, the husband's right to reside on the property was to be a limited one, which could be terminated anytime plaintiff desired, merely by filing an action in partition, it is reasonable to assume that the agreement concerning responsibility for repairs and maintenance would have stated that the responsibility was only for the length of time he resided on the premises, rather than for his lifetime.

Although the facts in *Miranda* v. *Miranda, supra,* 81 Cal.App.2d 61, are somewhat stronger in favor of a determination that there was a waiver of the right of partition, than in our case, the decision is directly in point. There, there was a property settlement agreement in conjunction with the dissolution of the marriage. The agreement provided that the property " 'shall remain in the name of the parties hereto as joint tenants, so long as the first party does not remarry and so long as said property is kept by first party as a home for herself and the children of the parties hereto.' " (Pp. 65-66.) There is not a great deal of difference between language that the property shall be kept as a home and language that the property shall be resided on. Although in *Miranda* the court found that the agreement also constituted a trust for the children, the court said (p. 68) : "The agreement that the home was to remain in the names of the parties as long as the wife does not remarry and so long as the property is occupied by her as a home for herself and the children constitutes a restriction upon the rights of the parties to partition the property so long as these conditions exist, and constitutes a waiver of the right of either party to a partition during the prescribed period."

The judgment is affirmed.

Tobriner, J., and Sullivan, J., concurred.