SHOEMAKER, P. J.
 

 Plaintiff James Bradley brought this action to obtain a decree quieting his title to a parcel of San Francisco real property and canceling a deed in favor of defendants John Scully and Ruth Cottle. Plaintiff prosecutes this appeal from a judgment decreeing that defendants Scully and Cottle -are the owners of an undivided one-half interest in the property in question and are tenants in common with plaintiff.
 

 The facts are undisputed.
 

 On August 29, 1927, plaintiff James Bradley entered into a contract to purchase a parcel of real property located on Westgate Drive in San Francisco -and made a $500 down-payment. He took title to the property in his name onfy by a deed dated January 5,1928.
 

 Plaintiff married Winifred Scully on January 28, 1928, and he and his wife thereafter made the mortgage payments on the property out of community funds consisting of their earnings. On December 28, 1963, plaintiff and his wife executed a deed conveying the property to plaintiff’s sister, Irene Ilaubold. By deed executed on the same day, Irene Haubold conveyed the property to plaintiff and his wife, as joint tenants.
 

 On August 23, 1937, plaintiff and his wife jointly executed a declaration of homestead upon the property, the same being
 
 *99
 
 duly recorded that day. The homestead was never thereafter abandoned.
 

 On September 24, 1964, plaintiff’s wife executed a grant deed purporting to convey her undivided one-half interest in the homesteaded property to her brother and sister, defendants John Scully and Ruth Cottle. On the same day, she also executed a will devising any real property interest she had to the same two defendants in equal shares.
 

 Plaintiff did not learn of the deed or will until after his wife died on November 12,1964.
 

 The trial court made factual findings in accord with the above evidence and also found that each undivided one-half interest in the joint tenancy was the separate property of plaintiff and his wife and that they never made any agreement, express or implied, that the real property should be community property; that the recording of the declaration of homestead by plaintiff and his wife did not increase plaintiff’s interest in the property either during the lifetime, at the time of death or after the death of his wife; that plaintiff’s wife had the right and could and did convey by deed her separate property consisting of the one-half undivided interest in the property to defendants Scully and Cottle; that the joint tenancy formerly existing between plaintiff and his wife was destroyed by the conveyance to defendants and that plaintiff thereafter possessed no right of survivorship but held an undivided one-lialf interest in the property as a tenant in common with defendants, who owned the other undivided one-half interest in the property; that plaintiff’s wife could and did devise any interest she held in real property, whether community or separate, by the will in favor of defendants.
 

 Plaintiff contends that the trial court’s decision is in direct violation of the applicable statutes and case law, which prohibit a husband or wife, acting unilaterally, from conveying or devising to a third party, any interest in real property, whether separate or community, which the husband and wife had jointly homesteaded and never abandoned. We agree.
 

 Section 1242 of the Civil Code provides in pertinent part that11 except in the ease of a married person’s separate homestead,
 
 the homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife or unless each spouse executes and acknowledges a separate instrument so conveying or encumbering the home
 
 
 *100
 

 stead in favor of the same party or his successor in
 
 interest; provided, however, that a conveyance of the homestead between husband and wife need be executed and acknowledged only by the spouse conveying, and unless the one conveying expressly reserves his homestead rights, the spouse to whom the conveyance is made may convey or encumber the homestead property in the same manner and to the same extent as though no homestead had been declared.” (Italics supplied.)
 

 Section 1265 provides in part that “From and after the time the declaration is filed for record, the premises therein described constitute a homestead.
 
 If the selection was made by a married person from the community property ... or from the separate property of the spouse making the selection or joining therein,
 
 and if the surviving spouse has not conveyed the homestead to the other spouse by a recorded conveyance which failed to expressly reserve his homestead rights as provided by Section 1242 of the Civil Code,
 
 the land so selected, on the death of either of the spouses, vests in the survivor,
 
 except in the case of a married person’s separate homestead, subject to no other liability than such as exists or has been created under the provisions of this title; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to the heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent . . . .” (Italics supplied.)
 

 Section 663 of the Probate Code provides in part that
 
 “If the homestead selected by the husband and wife,
 
 or either of them,
 
 during their coverture, and recorded while both were living,
 
 other than a married person’s separate homestead,
 
 was selected from the community property ... or from the separate property of the person selecting or joining in the selection of the same,
 
 and if the surviving spouse has not conveyed the homestead to the other spouse by a recorded conveyance which failed to expressly reserve his homestead rights as provided by Section 1242 of the Civil Code,
 
 the homestead vests, on the death of either spouse, absolutely in the survivor.
 

 ‘ ‘
 
 If the homestead was selected from the separate property of the decedent without his consent, or if the surviving spouse has conveyed the homestead to the other spouse by a conveyance which failed to expressly reserve homestead rights as provided by Section 1242 of the Civil Code, the homestead vests, on death, in his heirs or devisees, subject to the power
 
 *101
 
 of the court to set it apart for a limited period to the family of the decedent as hereinabove provided. . . .” (Italics supplied.)
 

 In the instant case, the trial court found that the property homesteaded by plaintiff and his wife was joint tenancy property, and this finding is clearly supported by the evidence. The undivided one-half interests of plaintiff and his wife were thus the separate property of each.
 
 (Kaupe
 
 v.
 
 Kaupe
 
 (1955) 131 Cal.App.2d 511, 513 [280 P.2d 856].)
 

 It is settled that a homestead can be declared upon property held in joint tenancy. (Civ. Code, § 1238;
 
 Estate of Kachigian
 
 (1942) 20 Cal.2d 787, 790-791 [128 P.2d 865].) It is also established by the statutes above-quoted and the applicable case law that when a husband and wife homestead joint tenancy property, each spouse waives the right to set aside his separate interest by partition, loses the right to unilaterally convey or devise the property and also loses the right to terminate the homestead except by the mode provided in the Civil Code.
 
 (California Bank
 
 v.
 
 Schlesinger
 
 (1958) 159 Cal.App.2d Supp. 854, 857-858 [324 P.2d 119];
 
 Shive
 
 v.
 
 Barrow
 
 (1948) 88 Cal.App.2d 838, 849-850 [199 P.2d 693].) It follows that the trial court erred in finding that the deed or will executed by plaintiff’s wife only was effective to pass any interest in the real property subject of the homestead to defendants or to prevent said property, in its entirety, from vesting absolutely in plaintiff upon his wife’s death.
 

 Defendants have failed to produce any authority in support of a contrary rule and rely solely upon dicta from cases which are either totally dissimilar, 'factually, from the instant case or are dependent upon the terms of early homestead statutes no longer in effect.
 

 That portion of the judgment which decrees that defendants are the owners of an undivided one-half interest in the real property subject of this action is reversed, and the trial court is directed to enter a decree quieting plaintiff’s title to said property in its entirety.
 

 Agee, J., and Taylor, J., concurred.