LILLIE, J.
Defendant, brother of and cotenant with plaintiff in certain real property, appeals from an interlocutory decree determining the respective interests of the parties, directing partition and appointing three referees to report thereon, entered on order granting plaintiff's motion for summary judgment.
The complaint alleges that plaintiff and defendant are cotenants in real property located at Fourth and Spring Streets in the City of Los Angeles upon which is located lessee Bank of America under a lease dated April 1, 1953, ending March 31, 1973, and that the property cannot be divided and partition made without great prejudice to the owners; and prays for a sale of the property and division of the proceeds. In his answer defendant, admitting that he is a tenant in common with plaintiff in the real property in question, *646 specifically denies 1 ‘ that said property cannot be divided and partition made thereof without great prejudice to the owners thereof”; alleges “that a partition in kind could be decreed . . . [and] This particular real estate and improvements are very susceptible to an equitable, and, under the circumstances of this case, also a very beneficial partition in kind,” and that a controversy arose between plaintiff and defendant over negotiations for the renewal of a lease with the Bank of America; and prays for a partition in kind and order enjoining plaintiff from preventing further progress in his (defendant’s) negotiations with the Bank of America for the lease renewal.
Plaintiff based his motion for summary judgment on the undisputed fact that the property is held by the parties as cotenants, and on defendant’s admission and his (plaintiff’s) concession that the property can be partitioned in kind, thus, there is no triable issue of fact. Plaintiff’s declaration alleges facts and certain advice of his attorney, of which he had no knowledge at the time he filed his complaint, which support a partition of the property in kind, and his agreement “with the Defendant, Halsey L. Williams, that the property can be partitioned in kind.” Declaration of plaintiff's counsel is to the same effect.
In opposition, defendant’s declaration incorporated 14 letters written by defendant, plaintiff, Continental Service Company (leasing agent for Bank of America) and defendant’s prior counsel between April 5 and August 9, 1966, copies of which were attached thereto as exhibits. This correspondence reflects negotiations with the Bank of America for renewal of its lease during which plaintiff agreed with the bank’s terms and signed the lease on December 15, 1965; a bitter controversy between defendant and plaintiff over the inclusion in the lease of an “inflation clause”; their inability to agree to this and other clauses in the lease; the refusal of defendant to execute the lease as signed by plaintiff; and a termination of negotiations with the Bank of America by plaintiff on May 13, 1966, because of the unacceptability to him of changes in the lease requested by defendant and, after seven months of negotiations, his refusal to re-enter into a lease agreement with defendant because of “the slovenly way in which he conducts business. ’ ’ One month later, on June 15, 1966, plaintiff filed his suit for partition.
“A summary judgment is proper only if (1) the affidavits in support of the moving party are sufficient, strictly *647 construed, to sustain a judgment in his favor and (2) the affidavits filed by the opponent, liberally construed, do not show facts deemed by the judge hearing the motion sufficient to present a triable issue. (Code Civ. Proc., § 437c; Stationers Corp. v. Dun & Bradstreet, Inc., 62 Cal.2d 412, 417-418 [1-7] [42 Cal.Rptr. 449, 398 P.2d 785].)
“As pointed out in Stationers Corp. v. Dun & Bradstreet, Inc., supra, 62 Cal.2d 412, 417 [3], ‘The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial.’ ” (Towne Development Co. v. Lee, 63 Cal.2d 147, 148 [45 Cal.Rptr. 316, 403 P.2d 724]; Wilson v. Bittick, 63 Cal.2d 30, 34-35 [45 Cal.Rptr. 31, 403 P.2d 159].)
It is undisputed that plaintiff and defendant are co-owners of the real property in question, each owning an undivided one-half interest; further, the parties admit that the property can be partitioned in kind. Thus, as a cotenant, plaintiff is entitled to a decree of partition on his motion for summary judgment unless defendant’s opposing declaration has presented facts which give rise to a triable issue or defense under the exception to the general rule that a eotenant is entitled to partition as a matter of right.
“It is, moreover, the accepted doctrine of the more recent authors upon the subject as well as of the appellate courts of this state that a cotenant is entitled to partition as a matter of absolute right; that he need not assign any reason for his demand; that it is sufficient if he demands a severance ; and that when grounds for a sale are duly established it may be demanded as of right. To grant it is not a mere matter of grace.’’ (De Roulet v. Mitchel, 70 Cal.App.2d 120, 123-124 [160 P.2d 574]; Lazzarevich v. Lazzarevich, 39 Cal.2d 48, 50 [244 P.2d 1]; Kaupe v. Kaupe, 131 Cal.App.2d 511, 513 [280 P.2d 856].) However, the right of a cotenant to partition property may be modified or waived by reason of an agreement, express or implied, between him and his cotenant permitting a variance from the ordinary incidents of such cotenancy (Rowland v. Clark, 91 Cal.App.2d 880, 882 [206 P.2d 59] [oral agreement between plaintiff and defendant, who paid the entire consideration for the property, whereby defendant was to retain the same for her lifetime] ; Asels v. Asels, 43 Cal.App. 574, 578-579 [185 P. 419] [waiver]; Thomas v. Witte, 214 Cal.App.2d 322, 327 [29 Cal.Rptr. 412] [cotenants by operating agreement committed oil properties to *648 unitized operation designating one eotenant as operator] ; Pine v. Tiedt, 232 Cal.App.2d 733, 738 [43 Cal.Rptr. 184] [land was acquired by eotenants under agreement for construction of sanitarium to be leased by operating company]; Nazzisi v. Nazzisi, 203 Cal.App.2d 121, 123 [21 Cal.Rptr. 396] [property was set aside for occupancy by one cotenant for a period of time during the existence of certain conditions] ; Miranda v. Miranda, 81 Cal.App.2d 61, 65 [183 P.2d 61] [property settlement agreement permitted one cotenant (spouse) to reside on the premises]; Schwartz v. Shapiro, 229 Cal.App.2d 238, 253 [40 Cal.Rptr. 189] [agreement between cotenants that neither would sell his interest without first offering the same to the other at the original purchase price]).
Defendant has presented no facts by way of counter-declaration giving rise to a triable issue or defense under any of the cases above cited or relied upon by him on this appeal. He has simply alleged that plaintiff signed the lease in December 1965, he did not sign the lease, a controversy between them arose over the inclusion in the lease of certain clauses and plaintiff refused to proceed further with the lease negotiations. There is nothing in his declaration or the correspondence attached thereto that establishes anything by way of estoppel or waiver, by agreement express or implied, affecting plaintiff’s right to partition in kind. Thus, in light of the foregoing, the trial court on the motion for summary judgment had no alternative but to grant the motion and enter its decree.
Respondent’s motion to dismiss the appeal is denied. For the foregoing reasons the decree is affirmed.
Wood, P. J., and Fourt, J., concurred.
Appellant’s petition for a hearing by the Supreme Court was denied December 27, 1967.