Jeanette P. LEE, et al., Plaintiffs,

v.

The NATIONAL COLLECTION AGENCY, INC., et al., Defendants.

No. C 82–2646 SAW.

United States District Court,
N. D. California.

July 19, 1982.

McCutchen, Black, Verleger & Shea, Roger A. Ferree, Kenyon Mark Lee, Los Angeles, Cal., for plaintiffs.

Joseph P. Russoniello, U.S. Atty., Jay R. Weill, Asst. U.S. Atty., Chief, Tax Division, San Francisco, Cal., for defendant United States.

## MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

WEIGEL, District Judge.

This is an action for a partition and sale of property situated in Alameda County. The property, consisting of a two-story office building situated on a parcel of land and having an approximate value of $180,000.00, is held by four tenants in common (plaintiffs). The plaintiffs hold undivided interests in the property, as follows: Jeanette P. Lee, 37½ percent, Henry M. Chowski, 37½ percent, Motoichi Yanagi, 12½ percent, and Cal Engineering, Inc., 12½ percent. Defendants are lienholders of record of the subject property. All liens and encumbrances held by defendants attach only to the undivided interest of Cal Engineering, Inc., except for a First Trust Deed attaching to the interests of all plaintiffs in the property, held by defendant Golden State Sanwa Bank. All plaintiffs have agreed to partition their interests in the property. The matter is before the Court on plaintiffs' motion for summary judgment. Upon consideration of plaintiffs' papers and pleadings, the statement of no opposition by defendant Internal Revenue Service, and the argument of counsel; and it appearing that no other defendant has filed any opposition to, or appeared in open court to oppose, the instant motion, the Court finds that a partition and sale of the property is appropriate.

Plaintiffs are entitled to a partition of their interests in the property. It is well settled that in the absence of a waiver a joint tenant is entitled as a matter of right to have his interest severed from that of his co-tenant. *Lazzarevich v. Lazzarevich*, 39 Cal.2d 48, 50, 244 P.2d 1 (1952);

Kaupe v. Kaupe, 131 Cal.App.2d 511, 513, 280 P.2d 856 (1955). Such right exists even where the property is subject to liens, Gardiner v. Cord, 145 Cal. 157, 164–65, 78 P. 544 (1904), and whoever takes an encumbrance upon the undivided interest of a co-tenant must take it subject to the right of the others to have such a partition. Annot., 93 A.L.R. 1267, 1274 (1934). Where a lien exists on just one of the co-tenant's undivided interest, the property may be sold free and clear of the lien and the lien satisfied from the proceeds of the sale. Wernse v. Dorsey, 2 Cal.2d 513, 41 P.2d 935 (1935); Balkins v. Norrby, 64 Cal.App.2d 848, 149 P.2d 396 (1944).

■ In the instant case, partition by private sale and division of the proceeds is more equitable than division of the property in kind. See California Civil Procedure Code § 872.720(a) (court shall determine the manner of partition where it finds plaintiff is entitled to partition); California Civil Procedure Code § 872.820 (court shall order property sold and proceeds divided among parties in accordance with their interests in the property where parties agree to such relief or court determines that, under the circumstances, sale and division of the proceeds would be more equitable than division of the property). A private party has entered into an executory contract for the purchase of the property for $180,000.00, provided that the property is conveyed free and clear of existing liens and encumbrances. All plaintiffs agree to such sale. A partition in kind would be impracticable under the circumstances. See Kaupe, supra at 513, 280 P.2d 856 (dwelling and garage cannot be partitioned in kind). Defendants' liens shall become chargeable against the share allotted to Cal Engineering, Inc.'s interest in the property. See California Civil Procedure Code § 873.260 (where lien is on undivided interest of a party, lien shall, upon division of the property, become a charge only on share allotted to that party). Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment is granted.

IT IS FURTHER HEREBY ORDERED that all further proceedings in aid or execution of this Memorandum and Order are hereby referred to Magistrate Owen E. Woodruff for hearing and decision, including but not limited to, a determination of (1) the costs and reasonable attorneys' fees incurred in this action; (2) the portion thereof attributable to each plaintiff; (3) the reasonable expenses incurred in the sale of the property; (4) the net proceeds to be distributed to each plaintiff, except Cal Engineering, Inc., and (5) the share of the proceeds of the sale attributable to Cal Engineering, Inc.s' interest in the property, and the manner such proceeds are to be held as a fund subject to the liens and claims of all lienholders.