[Civ. No. 596. Fourth Appellate District.—December 10, 1931.]

HELEN L. BROADWELL, Appellant, v. A. ANDERSON, Respondent; SOFIE A. BROADWELL, Cross-Defendant and Appellant.

L. G. Shelton for Appellants.

J. E. Ricketts and Walter C. Maloy for Respondent.

BARNARD, P. J.—This action, involving certain lots situated in San Pedro, California, was tried with the case of *Anderson* v. *Broadwell, ante,* p. 130 [6 Pac. (2d) 260], this day decided. Much of the opinion in that case applies equally to this case. The facts are largely the same with the two exceptions that no deed reconveying this property to Anderson was produced at the trial, and that certain evidence in relation to the conduct of the parties applies only to this case.

This action was brought by Helen L. Broadwell in the usual form of an action to quiet title. August Anderson answered, admitting that the plaintiff was the owner of an undivided one-half interest in the property, denying her title to the other half and alleging title in himself to that portion of the property. In a separate defense he alleged ownership of the property in 1917, and conveyance of the same to W. B. Broadwell on the agreement that Broadwell would pay off existing encumbrances and reconvey a half interest to him. He also alleged the construction in 1924 by himself and Broadwell of a building on the lots, and that the cost thereof was paid by them from their joint funds. He further alleged an agreement between them whereby Broadwell should collect the rents, pay taxes and

expenses, and send him $100 a month, and that Broadwell and his widow and the plaintiff continued to make these monthly payments until December, 1927. A copy of the written agreement of September 2, 1924, which is set forth in the opinion in the Long Beach case, was set up in the answer. At the same time Anderson filed a cross-complaint seeking to quiet title in himself as to a one-half interest in the property.

Among other things, the court found that Anderson is the owner of an undivided one-half interest in the property described; that he was the owner of all of the property on November 16, 1917, which was then of the value of $3,000; that on that date he conveyed the property to Broadwell upon the express understanding and agreement that Broadwell would pay off and discharge the encumbrances of record and would thereafter convey to him a one-half interest therein; and that these parties were brothers-in-law, had been associated in business for more than thirty years, and that each reposed the highest trust and confidence in the other. It was further found that on December 13, 1922, Broadwell executed, acknowledged and delivered to Anderson a grant deed conveying a one-half interest in the property in accordance with his previous agreement; and that said grant deed was thereafter delivered by Anderson to Broadwell with instructions to have the same recorded and then kept in safekeeping for him. It was then found that on April 1, 1924, Broadwell and Anderson entered into an agreement with one Hubbard for the construction of a brick building upon the premises; that at that time Anderson and Broadwell had on deposit in a bank in their joint names $7,017.78; that at the same time they were the equal owners of other large sums of money derived from royalties from oil produced on the Long Beach property, referred to in the opinion in that case; that all bills for labor and materials in the construction of this building were with the consent and at the direction of Broadwell charged to Anderson & Broadwell; that these bills were paid by checks on their joint funds; and that Broadwell at all times during his lifetime admitted that Anderson had a one-half interest in the property. The court then found that the agreement of September 2, 1924 (which is set forth in the opinion in the Long Beach case), was on that date

executed, acknowledged and later recorded, and that the plaintiff in this action had actual notice and knowledge of the making of the said agreement, being present at the time of its execution, acknowledgment and delivery. The court also found that after the building on the property was completed, it was agreed by the parties that Broadwell should collect and receive the rents, should pay all taxes, assessments and expenses, and pay to Anderson the sum of $100 per month; that said amount was paid monthly until the death of Broadwell; and that thereafter, the plaintiff herein and Broadwell's widow continued to make said payments until October, 1927. It was further found that in December, 1924, Anderson went to Mexico and did not return until October, 1927. As a conclusion of law the court found that Anderson was entitled to a decree quieting his title to an undivided one-half interest in the property, and a judgment and decree to that effect was entered, from which judgment this appeal is taken.

The only points raised by appellants relating to this particular action are that there is no evidence to sustain the findings that Anderson was the owner of a half interest in the property, and that Broadwell made, executed and delivered to Anderson a deed on December 13, 1922, conveying to him a one-half interest in the property. Both of these objections will be considered together. The evidence shows that in 1917 Anderson was the owner of the property which was then worth from $2,500 to $3,000, and was subject to a mortgage for $750 and a street assessment; that at or about the same time as a similar agreement in reference to certain Long Beach property, which is referred to in the opinion above mentioned, Anderson conveyed the property to Broadwell upon the agreement that he would pay off the encumbrance and later convey back a one-half interest in the same. The release of the mortgage was recorded February 13, 1920, and a certificate of redemption of a tax sale dated August 22, 1921, is shown in the record. The respondent testified that about December 13, 1922, Broadwell executed and delivered to him a deed conveying a one-half interest in this particular property; that this deed was by him entrusted to Broadwell for the purpose of recording; and that he supposed it had been recorded until this action was brought. The record shows that this deed

could not be found, and it appears that it was never recorded. That both the respondent and Broadwell believed this deed had been recorded is shown by the agreement of September 2, 1924, set forth in full in the court's findings, in which the following paragraph appears:

"Second, that a certain business block at 111 Pacific Avenue, San Pedro, described as Lot 26, Block 2, Arcadia Park Tract, San Pedro, and on record in the name of W. B. Broadwell and A. Anderson, that the interest of each is a one half interest."

Not only is the respondent's testimony as to the execution and delivery of such a deed corroborated by this written agreement which was itself recorded, in which it is set forth that the property in question is on record in the name of both of these parties, but it is further corroborated by many acts and declarations on the part of Broadwell, the grantor. Not only does the evidence show that a building was erected on this property in 1924 and paid for with funds jointly belonging to these two parties, but it further shows that before the building was started Broadwell told the contractor that he and Anderson owned the property; that he arranged for the construction of the building in the name of Anderson and Broadwell; that Broadwell instructed a broker to draw a lease in the name of Anderson & Broadwell, and a lease was drawn showing both parties as lessors; that throughout the construction of the building bills and accounts were rendered to Anderson & Broadwell; and that upon the completion of the building Broadwell and Anderson joined in making an affidavit of ownership and notice of completion of the building. It further appears that Broadwell and the appellants carried out Broadwell's agreement with the respondent in reference to handling the rentals from this property, by sending him $100 per month until October, 1927. While appellants claim that in fact they were unable to collect all of the rent from the San Pedro property, the fact is immaterial since the respondent was in Mexico and knew nothing of the circumstances. We think this evidence is ample to sustain the findings attacked. The fact that the deed was not actually recorded is immaterial so far as this action is concerned, except for the matter of notice to the appellants. However, they had constructive notice, through the

recording of the agreement of September 2, 1924, of the respondent's interest in the property, and the court found upon sufficient evidence that Helen Lea Broadwell had actual notice of the making of that agreement, having been present when it was signed, acknowledged and delivered.

While we think the findings complained of, to the effect that a one-half interest in the property was reconveyed by Broadwell to Anderson is supported by the evidence, we also think that irrespective of and in the absence of any such findings, the other facts found would be sufficient to establish that the legal title to this property was held by Broadwell and his successors in trust for the respondent, and that, in any view, the findings as a whole are sufficient to sustain the judgment quieting the respondent's title to a one-half interest in the property.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.