The Washington Township Farmers' Co-Operative Fuel and Gas Light Company *v.* McCormick.

[No. 2,415. Filed April 5, 1898.]

Evidence.—*Weight Of.*—Where a verdict is returned on conflicting evidence the Appellate Court will not weigh the evidence for the purpose of determining the preponderance thereof. *p. 664.*

Same.—*Natural Gas Contract.*—In an action to recover for the price of gas furnished defendant, it was error to admit in evidence, in defense thereof, the testimony of witnesses who received gas from the same main as defendant, to the effect that they had an insufficient supply of gas during the time in question, without showing that their connections were of the same or of a similar character as that of defendant, where it was defendant's duty under the contract to conduct the gas from the main to his residence. *pp. 664-667.*

EVIDENCE.—*Admission.*—*Objection.*—*Waiver.*—Where a party objects to the admission of evidence and afterward introduces evidence of the same character in rebuttal thereof, he does not thereby waive his objection. *pp. 667, 668.*

From the Delaware Circuit Court. *Reversed.*

*W. W. Orr* and *W. Maynard,* for appellant.

ROBINSON, C. J.—Appellant by a written contract agreed to furnish appellee and others named natural gas for light and heat, and agreed to lay all mains along the public highway in front of each residence, and keep the same in repair, and in consideration therefor was to receive fifteen dollars per year for ten years, sixty dollars to be paid when the mains were laid, and fifteen dollars at the beginning of each year after four years. Appellee executed his note for the sixty dollars. Suit was brought on the note, and also on the contract for the subsequent years. Appellee answered by way of set off and counterclaim. A trial by jury resulted in a verdict for appellee upon which judgment was rendered.

The overruling of the motion for a new trial is the only error discussed.

Much of the argument of appellant's counsel is directed to evidence which is conflicting, but under the well settled rule we cannot weigh the evidence to determine where the preponderance lies.

Appellant's counsel complain of the admission of certain evidence. The issue presented by the counterclaim was the failure of appellant to furnish gas as agreed in the contract, by reason of which certain damage had resulted to appellee.

The contract required appellant to lay its main in the highway in front of appellee's residence and to furnish at such place sufficient gas to properly heat and light appellee's residence. It was appellee's duty to lay and keep in repair the service pipe from the main in the highway to his residence.

Appellee called a number of witnesses who had been receiving gas from the same main with appellee, and who lived on farms in the same neighborhood with appellee. These witnesses testified, over appellant's objection, that during the times in question they had had no gas at times, and at other times an insufficient supply of gas in their respective residences. This was done without any showing that the conditions and manner of receiving gas by these witnesses were the same or in any way similar to the conditions under which appellee was receiving gas, nor was any attempt made in some instances to show what kind of connections they had with the main. When the first of these witnesses was testifying the court stated that the evidence was only admitted on the ground of tending to show whether there was any gas in the main from which appellee drew gas.

To sustain his counterclaim it was necessary for appellee to prove by a preponderance of the evidence that the company had failed to furnish gas as it had agreed to do. The jury found for. appellee on his counterclaim so that the controlling question in the case was whether appellant had furnished in the main in the highway sufficient gas to light and heat appellee's residence.

Appellee's counsel has not favored us with a brief, but we fail to see how the evidence complained of could be competent. Appellant was bound by the contract only to furnish gas in the main in the highway, and without some showing as to the manner in which these witnesses drew gas from the main such evidence could not be competent.

For aught that appears, the main in the highway may have been filled with gas, and the residences of these witnesses insufficiently supplied because of inadequate or defective service pipes. The jury were

left to infer that because these witnesses did not have sufficient gas, appellee was insufficiently supplied without any showing that like or similar conditions existed.

In the case of *Bauer* v. *City of Indianapolis*, 99 Ind. 56, a suit for personal injuries caused by a defective sidewalk, the judgment was reversed because the trial court permitted appellee to prove that persons other than appellant had safely passed over the crossing in question, and that there was no difference between the crossing in question and the generality of crossings of like character in the city. See, also, *McCormick, etc., Co.* v. *Gray*, 100 Ind. 285.

It is fundamental that the law will not permit a decision to be made on remote inferences. The law does not recognize a presumption of fact which does not arise or which may not be inferred from the facts proved. *Manning* v. *Insurance Co.*, 100 U. S. 693.

The fact that these witnesses had not gas in their residences, unexplained in any way, was not relevant to the fact in issue, and, although it resembled the fact in issue, it did not render such fact probable, because it was in no manner connected therewith.

In Stephen's Digest of Evidence, Chap. 3, Art. 10, note, it is said: "You are not to draw inference from one transaction to another which is not specifically connected with it merely because the two resemble each other. They must be linked together by the chain of cause and effect in some assignable way before you can draw your inference."

Greenleaf in his work on Evidence, Vol. 1, Sec. 52, (15th ed.), says that all collateral facts should be excluded, "or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is, that such evidence tends to draw away the minds of

the jurors from the point in issue, and to excite prejudice, and mislead them; and moreover the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it."

In the case at bar the fact in issue which the jury were called upon to try was whether appellant had supplied sufficient gas in the main in the highway in front of appellee's residence, and they could not be permitted to decide that fact by making remote inferences from other facts which had no visible connection with the fact in dispute.  See *Cleveland, etc., R. W. Co.* v. *Wynant,* 114 Ind. 525; *Western Union Tel. Co.* v. *Levi,* 47 Ind. 552; 1 Greenl. Evidence, *supra,* and cases cited.

Appellant, in rebuttal, introduced some evidence of the same general character as that objected to.   But this cannot be said to be a waiver of the objections to the evidence introduced by appellee.   It was not invited error.   It does not fall within the rule that a party who calls out incompetent evidence thus precludes himself from successfully objecting to evidence of like character introduced by his adversary.   *Meranda* v. *Spurlin,* 100 Ind. 380; *Hobbs* v. *Board, etc.,* 116 Ind. 376; *Perkins* v. *Hayward,* 124 Ind. 445; *Gaff* v. *Greer,* 88 Ind. 122; *Lowe* v. *Ryan,* 94 Ind. 450. And where evidence is excluded upon a party's objection he cannot complain of a subsequent exclusion of like evidence offered by him.   *Hinton* v. *Whittaker,* 101 Ind. 344; *Dinwiddie* v. *State,* 103 Ind. 101; *Nitche* v. *Earle,* 117 Ind. 270.

The error was committed at the instance of the opposite party, and appellant did all it could do to prevent the error.   After the court had held, over appellant's objection, that the evidence was competent, and had permitted appellee, who had the burden, to introduce such evidence to maintain his case,

appellant, in seeking to overcome the case made by appellee, could follow the theory laid down by the court without impliedly admitting the court's theory to be right and without waiving his right to question the court's action. Judgment reversed, with instructions to sustain appellant's motion for a new trial.