[Civ. No. 1486. First Appellate District.—August 10, 1917.]

J. F. FERNANDEZ, Respondent, v. WESTERN FUSE AND EXPLOSIVES COMPANY (a Corporation), Appellant.

NEGLIGENCE—EXPLOSION OF POWDER MAGAZINE—PLEADING—THEORY OF NUISANCE — EVIDENCE — IMPROPER CONSTRUCTION OF MAGAZINE — VARIANCE.—In an action for damages for the destruction of property from the explosion of a powder magazine, where the complaint was drafted upon the theory that the mere keeping of a large quantity of explosive powder in a thickly populated neighborhood, irrespective of the manner in which the magazine in which it was stored was constructed was a nuisance *per se*, it was error to admit evidence over objection that the magazine was improperly constructed.

ID.—PLEADINGS AND JUDGMENT—VARIANCE—REVERSAL ON APPEAL.—Where the case made out by the findings is a different case from that presented by the pleadings the judgment will be reversed, for the relief decreed must be the relief sought, and the variance, even if it be such as could have been cured by amendment, is fatal to the validity of the judgment, and the point may be raised on appeal therefrom.

ID.—REBUTTAL OF PLAINTIFF'S EVIDENCE—OBJECTION NOT WAIVED.—In such an action, the mere fact that the defendant introduced evidence in rebuttal of plaintiff's evidence of the improper construction of

the magazine, did not estop it from claiming that there was a variance between the pleading and the proof, and that the latter was erroneously admitted.

APPEAL from a judgment of the Superior Court of Alameda County.  T. W. Harris, Judge.

The facts are stated in the opinion of the court.

John J. Barrett, Alfred Sutro, and Pillsbury, Madison & Sutro, for Appellant.

Reed & Nusbaumer, Chapman & Trefethen, A. A. Moore, and Stanley Moore, for Respondent.

THE COURT.—This is an appeal from a judgment against the defendant for the sum of $925, being the amount of damages claimed to have been suffered by the plaintiff by reason of the destruction of his house and premises at Melrose in Alameda County through the explosion of a powder magazine on the premises of the defendant.

This is one of a series of cases which grew out of that explosion, two of which were *Kleebauer* v. *Western Fuse & Explosives Co.*, 138 Cal. 497, [94 Am. St. Rep. 62, 60 L. R. A. 377, 71 Pac. 617], and *Fisher* v. *Western Fuse & Explosives Co.*, 12 Cal. App. 299, [107 Pac. 332]. Briefly, the facts are that the defendant conducted an establishment at Melrose for the manufacture of fuse, and in connection therewith maintained a powder magazine in which it stored the powder used in the manufacture of its product. On the day of the accident one of its employees, a Chinaman—who had murdered a fellow-countryman—sought refuge in the powder magazine, the entrance to which he barricaded. Being pursued by peace officers and threatened with arrest, he fired the magazine, thereby causing much damage to surrounding property, including that of the plaintiff.

The amended complaint appears to have been drawn on the theory that the defendant was guilty of negligence in the employment of an unfit and incompetent employee whose act exploded the powder magazine, and also upon the theory that the powder magazine as maintained by the defendant was a nuisance. The act of the Chinaman in firing the magazine is out of the case since the evidence shows without conflict,

and the court expressly finds, that the defendant was not responsible for its employee's act in causing the explosion.

As to the nuisance theory it is obvious that the complaint as amended was drafted upon the theory that the mere keeping of a large quantity of explosive powder in a thickly populated neighborhood, irrespective of the manner in which the magazine in which it was stored was constructed was a nuisance *per se*. But before the case came on for trial the supreme court, in the case of *Kleebauer* v. *Western Fuse & Explosives Co.*, 138 Cal. 497, [94 Am. St. Rep. 62, 60 L. R. A. 377, 71 Pac. 617], had held that the magazine of the defendant, constructed and maintained as disclosed by the evidence in that case—and which is similar to the evidence now before the court, leaving out of consideration so much of it as refers to the effect of the presence or absence of an embankment or bulkhead—did not constitute negligence *per se*. Accordingly in this case, in order apparently to escape the principle laid down in that case, the plaintiff, over objections of the defendant, introduced evidence tending to show that the magazine was improperly constructed; and, based thereon, the court found that the magazine of the defendant was a nuisance because of its improper construction in not being surrounded by a bulkhead or embankment, which would have tended to minimize the effects of the explosion by directing its force upward.

It thus appears that neither this particular evidence nor the finding of the court based thereon was responsive to any issue in the case. It has been repeatedly held by the supreme court that under those circumstances the complaint cannot be looked to in support of the judgment. "Where," says the supreme court in *Chetwood* v. *California Nat. Bank*, 113 Cal. 414, 424, [55 Pac. 704, 707], "the case made out by the findings is a different case from that presented by the pleadings, the judgment will be reversed; for the relief decreed must be the relief sought; and the variance, even if it be such as could have been cured by amendment, is fatal to the validity of the judgment (*Bryan* v. *Tormey*, 84 Cal. 126, [24 Pac. 319]), and the point may be raised on appeal from the judgment (*Putman* v. *Lamphier*, 36 Cal. 151)."

But it is also well settled that when the trial court and the parties to an action proceed to trial upon the theory that there is a material issue, and the court upon the evidence addressed

to that issue, and received without any or without a sufficient objection, finds in accordance with that evidence, a party will not be allowed for the first time on appeal to say that there was no such issue. (*Schroeder* v. *Mauzy*, 16 Cal. App. 443, [118 Pac. 459].) It is the contention of the plaintiff that under this rule the defendant is estopped to assert that no issue was framed as to the negligent construction of the magazine, for the reason that when testimony upon that point was offered, the defendant failed to make its objection thereto sufficiently specific to apprise him of its nature and scope, and for the further reason that the defendant itself introduced testimony as to the construction of the magazine in rebuttal of plaintiff's testimony on that subject.

With regard to this contention the record discloses that the defendant several times objected to this character of testimony, but only once included in the objection that the evidence was not responsive to any issue in the case; and that in a motion for nonsuit made by the defendant, it did not include as a ground thereof the insufficiency of the complaint to cover this aspect of the nuisance theory.

We do not think that the defendant intended to conceal the real nature of its objection to this testimony, especially as the rule in the Kleebauer case, apparently responsible for the offer of this testimony, had been announced prior to the trial of the case at bar, and must have been in the mind of counsel both in the offer of testimony and the making of objections thereto. We think under these circumstances the plaintiff was sufficiently apprised of the nature of the objection, and could, if he so desired, have requested leave to amend his pleading, which he failed to do. In the state of the pleadings, and in the face of the objection made, the evidence as to the alleged improper construction of the magazine should have been excluded by the court.

The fact that the defendant introduced testimony in rebuttal upon this same point does not now estop it from claiming that the testimony was erroneously admitted over its objection. In *Washington Township etc. Co.* v. *McCormick,* 19 Ind. App. 663, 667, [49 N. E. 1085, at page 1086], the court said: "Appellant in rebuttal introduced some evidence of the same general character as that objected to. But this cannot be said to be a waiver of the objections to the evidence introduced by the appellee. It was not invited error. It

does not fall within the rule that a party who calls out incompetent evidence thus precludes himself from successfully objecting to evidence of like character introduced by his adversary. . . . The error was committed at the instance of the opposite party, and appellant did all it could to prevent the error. After the court had held over appellant's objection that the evidence was competent, and had permitted appellee—who had the burden—to introduce such evidence to maintain his case, appellant, in seeking to overcome the case made by the appellee, could follow the theory laid down by the court without impliedly admitting the court's theory to be right, and without waiving his right to question the court's action. . . . " (See, also, 3 Cyc., p. 246, and cases there cited.)

The judgment is reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 8, 1917.