[Civ. No. 9507. First Appellate District, Division Two.—July 19, 1934.]

MINNIE HARPER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

6

Joseph A. Brown and A. E. Cross for Petitioner.

No appearance for Respondents.

NOURSE, P. J.—The petitioner filed a complaint in the superior court asking partition of a single piece of real property with a dwelling-house thereon and setting forth that she was the owner of an undivided one-eighth thereof as a tenant in common in fee simple and that the defendants named in the complaint owned together the other seven-eighths in common with the plaintiff. The answer of the defendants therein admitted the material allegations of the complaint and pleaded as an affirmative defense that a present sale of the real property would be unwise because of the present depressed condition of real property values. The plaintiff thereupon moved for judgment on the pleadings and, her motion having been denied, she seeks the mandate of this court to require the respondent court to grant her motion.

In support of her petition the petitioner cites *Rich* v. *Smith*, 26 Cal. App. 775, 783 [148 Pac. 545], to the effect that a defendant in partition is not entitled to a postponement of the sale merely to obtain a possible increase in the market price of the property and argues that, for this reason, the answer of these defendants sets up no triable issue. The Rich case states the accepted rule and, on the

trial, we may assume that that rule will be followed. But we cannot for that reason say that the trial court should be compelled to grant the motion for judgment on the pleadings. ▪ The petition is framed upon the theory that it is the mandatory duty of the superior court to grant a motion for judgment on the pleadings in every case where the answer fails to set up a good defense. There is nothing in our statutes declaring this to be so and no authorities are cited declaring such to be the rule. No facts are pleaded showing an abuse of discretion. To the contrary, it appears that the cause was set for trial at a date within ten days from the denial of the motion.

On the authority of *Allyne* v. *Superior Court,* 200 Cal. 661, 666 [254 Pac. 564], the petition herein is insufficient to warrant the issuance of the writ.

The petition is denied.

Sturtevant, J., and Spence, J., concurred.