[Civ. No. 14817. Second Dist., Div. Two. July 10, 1945.]

MARIE LOUISE DE ROULET, Appellant, v. ADELAIDE P. MITCHEL, Respondent.

Williamson, Hoge & Judson for Appellant.

Kenyon F. Lee for Respondent.

MOORE, P. J.—From a judgment of dismissal of her action for partition plaintiff appeals.

## THE FACTS

Appellant and respondent are sisters. As tenants in common they own a parcel of land situate at the intersection of 12th and Figueroa Streets in the city of Los Angeles, in a district devoted primarily to the automotive trade. The improvement of the realty consists of a four-story reinforced-concrete building designed and used for automobile display, sales, and service. Each party alleged that she had an estate of inheritance in the property to the extent of an undivided one-half interest in the fee as her sole and separate estate. After alleging such tenancy in common, the separate interests of the lessees and of the lienholders (on defendant's interest), the complaint alleged that "by reason of the nature and location of said property and the nature of the improvements located thereon a physical partition thereof cannot be made without great prejudice to the owners and all persons interested therein," and demanded that the property be sold and the proceeds thereof be divided between the parties according to their rights. Following her general denial the defendant alleged that under the current lease rentals paid on the property from September 1, 1943, to August 31, 1946, were and are $1,400 per month and that for the two succeeding years the rentals will be $1,500 per month, and "that by reason of said favorable terms of said lease to plaintiff and this defen-

dant sound financial judgment and sound business policy require that said premises not be sold. That there is no necessity for the sale thereof. That the interests of said owners of said property will not be promoted by a sale thereof.''

At the trial it was stipulated that a partion in kind could not be made without great prejudice to the owners and that any partition of the property should be by order of sale at public auction. Following the trial of the issues raised by the answer the court found that the parties are in disagreement as to the advisability of selling the property; that the interests of both parties will not be promoted by a sale at this time; that the reasonable market value of the property is $160,000 and that it will increase in the future; and that the property should not be sold at this time. Upon such findings the court ordered that the action be dismissed without prejudice as to respondent.

### The Question for Decision

The sole question for decision is whether in an action for partition of real property one of two tenants in common is entitled as a matter of right to an interlocutory judgment of partition by sale of the property and division of proceeds regardless of the contrary wishes of his cotenant or of the latter's belief as to the economic disadvantage of such sale or of the conclusion of the trial court that an immediate sale would cause an economic detriment to both cotenants.

### The Decision Is Contrary to Law

It is significant that the Civil Code contains no declaration of the rights of cotenants to partition or to resist a partition. The only statutory rules directly applicable to the subject of partition are found in the Code of Civil Procedure, chapter 4, part II, title 10. (§§ 752-801.) By section 752 it was evidently intended that any cotenant is entitled to a partition upon a showing of the facts there enumerated. But inasmuch as section 763 was designed for such a situation as is here presented we quote that portion of it directly applicable, to wit:

''§763. (Question of Sale or Partition.) If it appears by the evidence, whether alleged in the complaint or not, that the property or any part of it is so situated that partition cannot be made without great prejudice to the owners, or where property is subject to a life estate and the remainder is a contingent remainder, the court may and in the latter

case must order the sale thereof; otherwise, upon the requisite proofs being made it must order a partition according to the respective rights of the parties as ascertained by the court, and appoint three referees therefor, and must designate the portion to remain undivided for the owners whose interests remain unknown, or are not ascertained; . . .''

Reading this provision in the light of the preceding sections of chapter 4, the legislative intent becomes clear in three respects, namely, (1) that the court is vested with discretion in adjudging a partition by sale; (2) that if the property is subject to a life estate with contingent remainder the court must order partition by sale; (3) that otherwise upon requisite proofs the court must order a partition in kind. In other words, partition by one of the two methods is imperative. Under two situations the court is required to order a sale: (a) if in its discretion it determines that under the facts presented a sale should be made or (b) if the ''property is subject to a life estate and the remainder is contingent.'' That the Legislature intended, in any event, that a partition must be made ''upon requisite proofs'' appears beyond dispute as the origin and history of the action is unfolded and the decisions of the appellate courts are understood. While the Civil Code is silent upon the subject, the origin and history of the practice reveals the rule at common law to be to award the partition demanded by a cotenant.

That a joint tenant or a tenant in common possesses the absolute right to have his interests severed from that of his cotenants is the conclusion of all text writers whose works have come under our inspection. Referring to the subject historically, Mr. Freeman points out that in England, as early as 1272 A. D., when heirs by inheritance could come to no agreement among themselves concerning the division of their property a proceeding might be instituted to compel a partition. The use of the action was extended by chancery in the sixteenth century by the exercise of its equitable jurisdiction. Subsequently a statute was enacted requiring all tenants in common to be ''coacted and compelled'' to make partition between them of the lands they held in joint ownership. The rule was further liberalized in the nineteenth century to authorize a sale when it is more advantageous. (Freeman's Co-tenancy and Partition (2d ed.) §§ 420-424, 433, 539; 5 Pomeroy's Jurisprudence (2d ed.) §§ 2130, 2144.) ██ It

is, moreover, the accepted doctrine of the more recent authors upon the subject as well as of the appellate courts of this state that a cotenant is entitled to partition as a matter of absolute right; that he need not assign any reason for his demand; that it is sufficient if he demands a severance; and that when grounds for a sale are duly established it may be demanded as of right. To grant it is not a mere matter of grace. The only indispensable requirement to its award is that a clear title be shown, and in no event is a partition to be denied because it will result in financial loss to the cotenants. (20 R.C.L. § 8, p. 724; 47 C.J. § 48, p. 288; 40 Am.Jur. § 83, p. 72; 20 Cal.Jur. § 28, p. 614; *De Uprey* v. *De Uprey,* 27 Cal. 329 [87 Am.Dec. 81]; *Rich* v. *Smith,* 26 Cal.App. 775 [148 P. 545]; *Vollmer* v. *Wheeler,* 42 Cal.App. 1 [183 P. 264]; *Harper* v. *Superior Court,* 140 Cal.App. 5 [34 P.2d 1063]; *Jameson* v. *Hayward,* 106 Cal. 682 [39 P. 1078, 46 Am.St.Rep. 268]. See, also, Justice Sloss' dissent in *Gonzalez* v. *Gonzalez,* 174 Cal. 588, 605 [163 P. 993].)

The courts of the State of Washington in interpreting its statutes, which are substantially the same as our own, have likewise held the right of partition by a tenant in common to be absolute and not dependent upon the economic advantages to be gained or lost by the parties. (*Hamilton* v. *Johnson,* 137 Wash. 92 [241 P. 672]; *Huston* v. *Swanstrom,* 168 Wash. 627 [13 P.2d 17].) The Supreme Court of Illinois has also held that tenants in common whose titles are clear have an absolute right to a partition notwithstanding inconveniences to other tenants or to a sale and division of the proceeds, and that this equitable remedy has become a matter of right and not of mere grace. (*Hill* v. *Reno,* 112 Ill. 154 [54 Am.Rep. 222].)

The Supreme Court of Connecticut was confronted with a set of facts similar to those at bar. In spite of evidence that the real estate market was rising and in a few years a partition sale could be made to greater advantage than at the time in question, the right to a partition by sale was held absolute and could not be denied or deferred by reason of a favorable lease or expectation of a rising market. (*Johnson* v. *Olmsted,* 49 Conn. 509.)

APPELLANT DID NOT ACQUIESCE IN ERRONEOUS RULING

Respondent contends that if the court below erred in considering economic advantages to the cotenants, then

appellant acquiesced in and invited such error and is estopped from urging such error on appeal. To this contention there are two answers; First, the court's conduct in considering that phase of the case was suggested by the special defense alleged in the answer; second, respondent introduced her evidence on May 11, 1944, without mention of her affirmative allegation that "sound financial judgment and sound business policy require that said premises be not sold." In testifying in her own behalf Mrs. Mitchel stated that she did not desire the property sold but preferred to keep it as a sound investment. It was not until after the court indicated its intention to find in favor of the affirmative defense that the present market and economic conditions must be considered that appellant moved for a continuance to May 19, 1944. On the latter day she presented evidence to show that a delay in selling the property would not be of advantage to the sisters. The court accepted the proof of respondent, made findings accordingly and ordered a dismissal of the action. Thus the issue of economic advantage was raised by respondent.

But because appellant contended at the trial that such issue was immaterial to a decision of the case she was not thereby inhibited from meeting the proof introduced by her adversary. Neither is she estopped from urging the error on appeal. It is the duty of any litigant in the course of trial to submit to the rulings with reference to the proof of the issues, and after he has done so he may thereafter on appeal demonstrate the error of the ruling to which he made timely objection. (*Fernandez* v. *Western Fuse and Explosives Co.*, 34 Cal.App. 420 [167 P. 900]; *Middlecamp* v. *Zumwalt*; 100 Cal.App. 715 [280 P. 1003].) In the Zumwalt case, although no objection was made to parol evidence received to show that the written contract had been modified, it was held that as a matter of substantive law a written agreement may not be modified by an executory oral agreement. Even though no objection had been made to the parol proof, it was insufficient as a matter of substantive law to change the terms of the writing. It follows that appellant is not estopped to urge the error below.

In support of her contention that the court was vested with discretion to deny a partition respondent cites *Williams* v. *Wells Fargo Bank and Union Trust Co.*, 17 Cal.2d 104 [109 P.2d 649] and 56 Cal.App.2d 645 [133 P.2d 73]. The

case heard in the Supreme Court was an application for a writ of supersedeas to stay all proceedings until the decision by the District Court of Appeal. The Supreme Court merely observed that where property of cotenants cannot be divided without prejudice and one of them is entitled to a partition the court may order the property sold and the proceeds divided. This is exactly what the statute says the court may do. It may partition by sale if the parties would suffer loss by partition in kind. But if they will not thereby suffer loss the partition must be made in kind, and that is what the District Court of Appeal decided in the Williams case.

The judgment is reversed and the court below is directed to enter judgment ordering a sale of the property and a division of the proceeds.

Wood (W. J.), J., and McComb, J., concurred.