Filed 4/13/23  Johnson v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| CURTIS JOHNSON et al., | C094348 |
| Plaintiffs and Respondents, | (Super. Ct. No. SC20180141) |
| v. | |
| KENT K. JOHNSON, | |
| Defendant and Appellant. | |

Appellant Kent Knox Johnson and his two brothers, respondents Curtis Johnson and Ross Van Dyke Johnson, are the surviving children of William Johnson.[1]  Kent appeals from an interlocutory judgment ordering the partition by sale of certain real property in South Lake Tahoe currently owned by all three brothers.  Because Kent has failed to establish that the judgment is void, or any error necessitating reversal, we will affirm the judgment.

---

[1]  We will refer to the Johnsons by their first names.  No disrespect is intended.

1

# I. BACKGROUND

On August 1, 2018, Curtis and Ross filed this partition action. As explained in their complaint, a decree of preliminary distribution was ordered in 1958 distributing the South Lake Tahoe property to William for his life, with the remainder to his issue.

On May 11, 2021, the trial court entered an interlocutory judgment in this action determining the interests of the parties in the property and ordering its partition. (See Code Civ. Proc., § 872.720.) The court determined that Curtis, Ross, and Kent each owned an undivided one-third fee simple interest in the property that vested on December 19, 2016, when William died. The court further explained that Curtis and Ross cleared William's interest from record title by recording an affidavit of death of life tenant on July 31, 2018. No evidence was offered of any liens on the property or that any party had waived their right to partition. The court found that partition by sale of the property and division of the sale proceeds would produce a more equitable result than partition by physical division because the property is a single parcel of land improved with a single-family residence and adjacent workshop that is not amenable to physical division. (See Code Civ. Proc., § 872.820.) The court appointed a referee to sell the property by private sale.

On June 24, 2021, Kent filed a timely appeal from the interlocutory judgment.[2] This case was not fully briefed until October 10, 2022.

## II. DISCUSSION

### A. *Standards for Appellate Briefs*

We begin with a few words regarding appellate briefing. Orders and judgments are presumed to be correct, and the appellant must affirmatively show error. (*Denham v.*

---

[2] An appeal may be taken "[f]rom an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made." (Code Civ. Proc., § 904.1, subd. (a)(9).)

2

*Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) With respect to citations to the record, the appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or grounds to support the judgment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) That relevant record citations may have been provided elsewhere in the brief, such as in the factual background, does not cure a failure to support specific legal arguments with citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.)

In addition, the appellant must "[s]tate each point under a separate heading or subheading summarizing the point." (Cal. Rules of Court, rule 8.204(a)(1)(B).) "This is not a mere technical requirement." (*In re S.C., supra*, 138 Cal.App.4th at p. 408.) It is designed so that we may be advised " 'of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Ibid*.) "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.) These rules of appellate procedure apply to Kent even though he is representing himself on appeal. (*McComber v. Wells, supra*, 72 Cal.App.4th at p. 523.)

Kent's arguments "echo each other under their different headings in contravention of the requirements for focused briefing." (*Smith v. City of Napa* (2004) 120 Cal.App.4th 194, 202.) For efficiency, we have grouped together those arguments that echo each

other and then responded to the arguments in the order in which they were originally raised.

## B. *Personal Jurisdiction*

Kent argues the court lacked personal jurisdiction and his rights to equal protection[3] were violated because the partition action was commenced and maintained without Curtis and Ross having title to the property being partitioned. Relatedly, he contends Curtis and Ross fraudulently obtained the interlocutory judgment by asserting in their complaint that they owned the property. As we will discuss, Kent's argument is based on the suggestion that this assertion of ownership was premature.

"A partition action may be commenced and maintained by" an owner of real property that "is owned by several persons concurrently or in successive estates." (Code Civ. Proc., § 872.210, subd. (a).) Curtis and Ross commenced this action on August 1, 2018. The court entered an interlocutory judgment finding that Curtis, Ross, and Kent each owned an interest in the property that vested on December 19, 2016, when William died. When a decedent holds property as a life tenant with designated remainderpersons, the property interest terminates on the decedent's death and passes to the remainderpersons without the necessity of probate. (Gold et al., Cal. Civ. Practice, Probate & Trust Proceedings (Thompson Reuters 2022) § 4:32; see Prob. Code, §§ 6600, subd. (b)(1), 13050, subd. (a)(1).) In its final statement of decision, the trial court explained that the property interest automatically vests in the holder of the remainder on the death of the life tenant, though the remainder holder must clear the life tenant from

_____

[3] As we will note, at various points in his briefing, Kent invokes his constitutional right to equal protection without providing meaningful analysis. "[A] threshold requirement of any meritorious equal protection claim 'is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.' " (*People v. Guzman* (2005) 35 Cal.4th 577, 591-592, emphasis omitted.) Kent never attempts such a showing. As such, we reject his claims to the extent they are based on a right to equal protection.

4

title.  Further, the court found the title was cleared on July 31, 2017, and Kent offered no evidence to rebut this.  Kent does not cite to or address the trial court's statement of decision.  Rather, he cites evidence that, on August 7, 2019, in a separate proceeding under Probate Code section 248, a court decreed that Curtis, Ross, and Kent were the only "issue" embraced in the 1958 decree and thus they each owned a one-third share of the property as tenants in common.[4]  Under Probate Code section 248, where, as here, title to or an interest in property vests, other than by the laws of succession, in the issue of a person without other description or the means of identifying the persons embraced in the description, anyone interested in the property as the issue may petition the superior court in the county in which the property is located for a decree "determining and establishing the identity of the persons embraced in the general description."  (Prob. Code, § 248.)  "The decree shall be prima facie evidence of the facts determined thereby, and shall be conclusive in favor of anyone acting thereon in good faith without notice of any conflicting interest."  (Prob. Code, § 249.)  Kent cites no authority indicating Curtis and Ross did not own any part of the property until their dispute regarding whether there was any additional issue was resolved.  Kent has failed to demonstrate error in the trial court's conclusion that Curtis and Ross owned the property prior to filing the partition

---

**4** Kent sought judicial notice that "Curtis W. Johnson, Ross V.D. Johnson, and Kent K. Johnson were decreed owners of the property being partitioned . . . on August 7, 2019." We deferred decision on Kent's request pending calendaring and assignment of the panel. Appellant's and Respondents' appendices both include copies of the August 7, 2019 decree and the trial court took judicial notice of the decree.  We now deny the unopposed request for judicial notice on appeal as unnecessary. (*Physicians Committee for Responsible Medicine v. Los Angeles Unified School Dist*. (2019) 43 Cal.App.5th 175, 182, fn. 2; *Davis v. Southern California Edison Co*. (2015) 236 Cal.App.4th 619, 632, fn. 11.)  Additionally, we note we rejected Kent's challenges to this decree in a previous opinion addressing a consolidated appeal involving the same parties. (*Johnson v. Johnson* (Dec. 27, 2021, C090195/C090522) [nonpub. opn.].)

5

action.  Consequently, we must reject Kent's arguments that are based on the assumption his brothers filed the action without owning the subject property.

C.      *Subject Matter Jurisdiction*

Kent argues the court erred and violated his right to equal protection by not transferring the matter to probate court because it had subject matter jurisdiction.  None of the authorities he cites suggests this partition action could have been transferred to probate court or that the superior court lacked subject matter jurisdiction.  As we previously explained, when a decedent holds property as a life tenant with designated remainderpersons, the property interest terminates on the decedent's death and passes to the remainderpersons without the necessity of probate.  (Gold et al., Cal. Civ. Practice, Probate & Trust Proceedings (Thompson Reuters 2022) § 4:32; see Prob. Code, §§ 6600, subd. (b)(1), 13050, subd. (a)(1).)  It is well settled that "[a] probate proceeding is concerned with the administration of an estate, and, if there is no property, there is nothing to administer."  (14 Witkin, Summary of Cal. Law (11th ed. 2022) Wills and Probate, § 384.)  We reject Kent's assertions that his rights were violated and the proceedings were void for lack of subject matter jurisdiction.

D.      *Opposing Counsel's Corporate Structure*

Kent raises various arguments based on opposing counsel's corporate structure. He asserts the superior court lacked jurisdiction because counsel's corporate structure rendered their appearance in the action unlawful.  He also argues he was denied equal protection on this basis.  Kent further asserts the trial court abused its discretion in denying the motion to terminate he made based on these claims.  We reject each of these arguments.

Kent argues the superior court had no jurisdiction to hear the partition action because the law firm to which counsel for Curtis and Ross belongs (Alling & Jillson Ltd.) is not registered to do business in California.  This argument relies on evidence Kent submitted indicating Alling & Jillson is a limited liability company (LLC) organized

6

under Nevada law and that there is no record of its registration as a foreign limited liability company in California.  In Nevada, an LLC "is typically 'created to provide a corporate-styled liability shield with pass-through tax benefits of a partnership.' [Citation.]  An LLC 'combines the flexibility of a contract-based form such as a partnership and the limited liability of a state-created form such as a corporation.' [Citation.]  However, '[u]nlike limited partners, LLC members do not lose their limited liability for participating in control of the business.' " (*Gardner v. Eighth Judicial District Court* (2017) 133 Nev. 730, 733 [405 P.3d 651].)  Under California law, attorneys may form a limited liability partnership or a professional corporation.  (Fotenos et al., Cal. Practice Guide: Pass-Through Entities (The Rutter Group 2022) ¶¶ 2:202, 2:206; see Corp. Code, §§ 13400 et seq.; 16101, subd. (a)(8)(A).)  "[B]ut the LLC form is not available" for lawyers under California law.  (Fotenos et al., Cal. Practice Guide: Pass-Through Entities, *supra*, at ¶ 2:205; see Corp. Code, § 17701.04, subd. (e) ["Nothing in this title shall be construed to permit a domestic or foreign limited liability company to render professional services, as defined in subdivision (a) of Section 13401 and in Section 13401.3, in this state"].)  It is undisputed that the attorneys who represent Curtis and Ross are licensed to practice in California.  Kent's complaint is with the structure and registration status of the law firm to which these attorneys belong.  The authority cited by Kent does not demonstrate that a complaint about the corporate structure of opposing counsel's law firm creates a jurisdictional defect or can otherwise form the basis for the reversal of a judgment on appeal.

Under Corporations Code section 17708.07, subdivision (a), "[a] foreign limited liability company transacting intrastate business in this state shall not maintain an action or proceeding in this state unless it has a certificate of registration to transact intrastate business in this state."  Kent cites this provision but no authority indicating that a law firm, rather than the client, maintains an action within the meaning of this statute.  Regardless, "[m]aintaining or defending any action or suit" is not an activity of a foreign

7

limited liability company that constitutes transacting interstate business in this state. (Corp. Code, § 17708.03, subd. (b)(1).)  Thus, Kent has not demonstrated Alling & Jillson was required to have a certificate of registration for its attorneys to appear in this action.

Kent has failed to establish Corporations Code section 17708.07 prevented the superior court from obtaining jurisdiction over this matter.  We therefore reject Kent's arguments based on opposing counsel's corporate structure.

E.      *Effect of Related Appeal*

Kent argues the trial court lacked jurisdiction and violated his right to equal protection when it entered the interlocutory judgment during pendency of his appeal in the related Probate Code section 248 proceeding.[5]  These arguments are unpersuasive.

Kent cites Code of Civil Procedure section 916, subdivision (a), which provides, unless certain exceptions apply, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."[6]  Kent argues an automatic stay under this statute can apply to proceedings in a different case from the one appealed.  He does not, however, identify any case law applying a stay to a related case.  Kent relies on authorities that explain, " '[w]hether a matter is "embraced" in or "affected" by a judgment [or order] within the meaning of

---

[5]  The only notice of appeal he cites was in this case.

[6]  Kent does not address Probate Code section 1310, which, with specified exceptions, "stays the operation and effect of the judgment or order" in appeals pursuant to Probate Code section 1300 et seq.  (Prob. Code, § 1310, subd. (a).)  An appeal of a decree under Probate Code section 248 is an appeal pursuant to Probate Code section 1303, subdivision (f).  (15 Witkin Summary of Cal. Law (11th ed. 2022) Wills and Probate, § 767.)

[Code of Civil Procedure section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the "effectiveness" of the appeal' " and "a proceeding affects the effectiveness of the appeal if the very purpose of the appeal is to avoid the need for that proceeding." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189, 190.) These authorities "discuss the effect of an appeal on trial proceedings in the *same* action and are thus inapplicable here." (*Cole v. Hammond* (2019) 37 Cal.App.5th 912, 925.)

Additionally, our Supreme Court has explained that "an appeal does not stay proceedings on 'ancillary or collateral matters which do not affect the judgment [or order] on appeal' even though the proceedings may render the appeal moot." (*Varian Medical Systems, Inc. v. Delfino, supra*, 35 Cal.4th at p. 191.) "A postjudgment or postorder proceeding is . . . ancillary or collateral to the appeal despite its potential effect on the appeal, if the proceeding could or would have occurred regardless of the outcome of the appeal." (*Ibid*.) Here, the partition proceeding would have occurred regardless of the result of the appeal regarding the Probate Code section 248 decree. As set forth above, such a decree is "prima facie evidence of the facts determined thereby." (Prob. Code, § 249.) In its final statement of decision, the trial court explained that it was obligated in the partition action to determine the interests of the parties in the property and could do so based on the evidence presented at trial without relying on the ownership determination set forth in the Probate Code section 248 decree. This is what the court did. Kent has failed to establish any automatic stay applied to prevent the court from entering judgment in the partition proceeding.

## F.     *Service on Secretary of State*

Kent argues his rights to due process and equal protection were violated because the superior court denied him the right to substitution of service on the Secretary of State for an unregistered LLC. His argument is based on Corporations Code section 17708.07, subdivision (d), which provides: "If a foreign limited liability company transacts

9

intrastate business in this state without a certificate of registration . . . , it shall be deemed to have appointed the Secretary of State as its agent for service of process for rights of action arising out of the transaction of intrastate business in this state." Kent filed a motion under this provision to deem the Secretary of State as the agent for service of process on Alling & Jillson Ltd. The trial court concluded service on the Secretary of State was unnecessary because Curtis and Ross's counsel had agreed to accept service and Kent knew where to serve them. Kent cites no authority to contradict this point or indicating that the denial of Kent's request can be addressed on appeal or could form any basis for reversal of the judgment. We therefore reject Kent's arguments related to the denial of his motion for substitution of service.

## G. *Knowledge of Other Parties Who Would Be Materially Affected by Partition*

Under Code of Civil Procedure section 872.230, subdivision (c), a partition complaint must set forth "[a]ll interests of record or actually known to the plaintiff that persons other than the plaintiff have or claim in the property and that the plaintiff reasonably believes will be materially affected by the action." The complaint alleged Curtis and Ross "have no knowledge of any other parties who claim an interest in the Property or who will be materially affected by the action, other than Plaintiffs and Defendant." Kent argues Curtis and Ross fraudulently deceived the superior court because the allegation that they were unaware of any other parties that would be materially affected by the action was a knowingly false statement and they thereby obtained a void judgment. "The elements of fraud, which give rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255.) Kent's argument is based on excluded evidence indicating he used the property for business purposes. Curtis and Ross argue even if they had actual knowledge of any customers, they were not required to disclose them because they were irrelevant.

10

We conclude the court did not rely upon any statements (or lack thereof) in the complaint regarding customers in issuing the interlocutory judgment. "A co-owner of property has an absolute right to partition unless barred by a valid waiver." (*LEG Investments v. Boxler* (2010) 183 Cal.App.4th 484, 493.) "[I]n no event is a partition to be denied because it will result in financial loss to the cotenants." (*De Roulet v. Mitchel* (1945) 70 Cal.App.2d 120, 124.) The court recognized this in excluding the evidence regarding economic loss. Because the trial court did not rely on the challenged statement regarding other parties, Kent has failed to establish any fraud.

## H. Unsecured Creditors

Kent argues the court erred in disregarding his unsecured creditors. His argument is based on Code of Civil Procedure section 872.730, which provides: "To the extent that the court determines that the provisions of this title are a suitable remedy, such provisions may be applied in a proceeding for partnership accounting and dissolution, or in an action for partition of partnership property, where the rights of unsecured creditors of the partnership will not be prejudiced." He argues, with no legal authority that supports this argument, that the superior court "created an unregistered partnership by skipping the appropriate [Probate Code section] 8000 proceeding and failing to appoint a special administrator to protect assets, customers, and business relations." He also suggests the decree issued in the related Probate Code section 248 action created an unregistered partnership. He offers no authority suggesting that co-ownership of property alone creates a partnership. Kent has therefore failed to establish that the partition action involved the partition of partnership property such that the interests of unsecured creditors were relevant.

## I. Malpractice Insurance Information

Kent argues he was "errantly" and "unconstitutionally" denied malpractice insurance information that could be used to pay an award for sanctions.

11

Kent's assertion of constitutional error fails for lack of adequate argument and authority. (*Imagistics Internat., Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 592.)

Excluding the constitutional dimension of his claim, Kent's assertion of error remains meritless. Kent filed a motion to compel Alling & Jillson's malpractice insurance information. The motion was based on Code of Civil Procedure section 2017.210, which provides, in part: "A party may obtain discovery of the existence and contents of any agreement under which any insurance carrier may be liable to satisfy in whole or in part a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." "The term 'any insurance carrier' in [Code of Civil Procedure] section 2017.210 is qualified by the circumstance that the carrier 'may be liable to satisfy in whole or in part a judgment that may be entered in the action.' " (*Catholic Mutual Relief Society v. Superior Court* (2007) 42 Cal.4th 358, 370.) The court denied the motion on the basis that Alling & Jillson was not a party to the action, the action did not involve a malpractice claim against Alling & Jillson, and nothing about its insurance coverage was relevant. Kent has failed to demonstrate any error in this reasoning.

## J.    *Motion in Limine*

Kent challenges the trial court's exclusion of certain evidence in response to Curtis and Ross's motion in limine. He argues the exclusion of this evidence violated his "Constitutional right to be heard." Curtis and Ross argue Kent does not identify any specific exhibits to which the court denied admission, complicating their task of explaining why exhibits were properly excluded. Indeed, Kent fails to cite any opposition to the motion in limine, the court's ruling on the motion, or distinguish between documents that were excluded by the ruling and those that were not. "It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references. Upon the party's failure

12

to do so, the appellate court need not consider or may disregard the matter." (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.) As such, Kent has failed to demonstrate any error in the trial court's ruling.

K.      *Denial of Leave to File Cross-Complaint*

Kent argues the trial court violated his right to equal protection by denying his motion for leave to file a cross-complaint. The court found the motion was defective in part because it did not attach a proposed cross-complaint. Kent has failed to address this deficiency or any of the other grounds the trial court relied on in denying his motion. This is insufficient to demonstrate error.

L.      *Denial of Motion for Sanctions*

Kent argues the trial court abused its discretion by denying his motion for sanctions. The motion sought dismissal of the partition action. To support his assertion that the court abused its discretion, Kent asserts the parties did not have title to the property when the action was commenced and argues Curtis, Ross, and Alling & Jillson "tried to skip the [Probate Code section] 8000 process with solely a [Probate Code section] 248 decree." Because we have already rejected these arguments, we reject the derivative contention that the trial court abused its discretion denying Kent's motion for sanctions.

## III. DISPOSITION

The judgment is affirmed.  Respondents Curtis and Ross Johnson shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/

_____

RENNER, J.


We concur:

/S/

_____

DUARTE, Acting P. J.


/S/

_____

BOULWARE EURIE, J.